IN THE MATTER OF THE GLOBE MUTUAL BENEFIT
ASSOCIATION.

*Insurance — co-operative life — the relation of members rests upon contract — an infant cannot be insured by such a company — cannot become a member — Laws of 1883, chap. 175, secs. 1 and 3.*

A co-operative insurance company, incorporated under chapter 175 of the Laws of 1883, and having by-laws under which losses are payable from weekly dues collected from policyholders, cannot insure the lives of infants.

The relation existing between the members of such a company is one of contract and rests upon mutuality, and the legal disability of an infant is inconsistent with such mutuality.

The provisions of sections 1 and 3, relative to the formation of such a corporation and constituting the corporators, "and those that may thereafter be associated with them," a body politic and corporate, imply that a member must be *sui juris*, since the law will not permit an infant to be a member of a corporation. The powers of insurance companies are purely statutory, and will not be enlarged by implication.

APPEAL by the Globe Mutual Benefit Association from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 14th day of January, 1887, restraining it from transacting business so far as the insurance of minors against accident, sickness or casualty, and the insurance of the lives of minors, is concerned.

*W. G. Tracy*, for the appellant.

*I. H. Maynard*, assistant attorney-general, for the respondent.

O'BRIEN, J.:

The sole question presented by this appeal is, whether a co-operative insurance company, incorporated under chapter 175 of the Laws of 1883 of the State, and which has adopted the by-laws adopted by this company, can insure the lives of minors.

Under the by-laws adopted the losses are not to be paid from assessments levied upon the members, but from weekly dues collected from policyholders. Though great stress is placed upon the difference in the mode of collecting the moneys necessary to meet death losses, between the payment of the weekly dues, as here, and the levying of assessments from time to time, as might be necessary,

as provided by the by-laws of other mutual companies, no real distinction can be drawn from the mode of payment between the obligations of the members in either case. Bacon, in his work on Benefit Societies and Life Insurance (§ 161, p. 201), in speaking of a certificate of membership in such society, says: " This certificate is in the nature of an insurance policy issued by a mutual company.   *   *   * The conclusion, from an examination of all the cases, is, that the contract is found in the certificate, if one is issued, but it is to be construed and governed by the charter and by-laws of the society, and the statutes of the State of the domicile of the corporation."

If we, therefore, take the act itself of 1883 (chap. 175), under which this association was organized, it becomes evident that mutuality of obligation is the fundamental principle upon which these corporations are established. Sections 5 and 6 of the act speak of the contract of insurance as a promise or agreement between the corporation and its members, and the extracts from the by-laws, which are annexed to and form a part of the certificate of membership, characterize the membership as a contract. On this branch of the subject little need be added to the reasons assigned by the learned judge below, showing that the relation between the members and the society is one of contract. Our attention, however, has been called to the case of the *Chicago Mutual Life Indemnity Association* v. *Hunt, Attorney-General* (127 Ill., 257), which it is claimed is at variance with the view that the relation is a contract one. An examination, however, of the Illinois case will show that the statutes of the two States are different. The Illinois statute authorizes a corporation, in its articles of incorporation, to prescribe the limit as to the age of applicants for membership. Upon this subject, of age limitation, our statute is silent. Apart, however, from this difference, the opinion of the court in the Illinois case holds that the making of an assessment or the maturing of dues does not make the member a debtor of the association so as to authorize it to bring a suit for its recovery in case of its neglect or refusal to pay. This is contrary to the doctrine laid down in the case of *McDonald* v. *Ross-Lewin* (29 Hun, 87), wherein it was held that the issuance and acceptance of the certificate furnished a sufficient consideration for the defendant's agreement to pay any assessment made during the time he should continue a member of the associa-

tion, and that upon his failure to pay an action would lie against him therefor. Again, as pointed out by the respondent, the contents of the certificate of membership in the Illinois case are not given, and it may well be that it was so drawn as not to create any liability on the part of the members which would distinguish it from the views taken by our courts, that, under the acts relating to mutual benefit societies, a liability upon the part of the members to pay dues is created. In addition, however, to the reasons assigned by the learned judge below, there is another and controlling one to be derived from the statute itself. Section 1 of the act provides that any number of persons, not less than nine, may form such a corporation, and section 3 provides : " The said corporators, and those that may thereafter become associated with them, or their successors, shall be constituted a body politic and corporate." The persons here referred to are the persons who are to constitute the membership of the corporation, and it is clearly implied that they are to be persons who are *sui juris* and competent to enter into a valid undertaking in law. In other words, an infant cannot become a member of such corporation, and thus an associate of the original incorporators, and thus make up the body politic, unless he was competent to be one of the original incorporators, or competent to become an incorporator if the company was becoming incorporated at the time that he became a member. It has frequently been held that where a statute authorizes persons to form a corporation, although the statute does not, in express terms, say that they must be of full age, yet it is implied that they shall be of full age. Here, after the act of incorporation, it was the members of the society which constituted it a continuing corporation, and it would seem reasonably clear that a person who is not competent to act for the purpose of creating it a corporation could not be competent to act for the purpose of continuing it as a corporation ; and more difficult still would it be to determine, in the event of all the members of the corporation being infants, upon what grounds such members who are ineligible as corporators could be competent to continue its corporate existence or business. There is nothing in the express provisions of the Law of 1883, nor in the language of the act, which, by a reasonable intendment, can be construed into authorizing the appellant to

engage in the business of insuring infants. As, therefore, the whole business of insurance by corporations in this State is now regulated and controlled by statute, in the absence of any such authority, express or implied, it will not be assumed.

It is our opinion that the order appealed from should be affirmed, with costs.

LAWRENCE, J., concurred.

VAN BRUNT, P. J.:

I cannot concur in the reasons which Mr. Justice O'BRIEN has assigned for the conclusion which he has reached upon this appeal.

There is no doubt. that if there was any legal obligation upon the part of the members of the appellant to pay any dues or assessments, that then no contract of insurance of a minor could be made, because a minor could not enter into any contract which imposed a legal obligation upon it which could be enforced. But in the case at bar I find no authority for the levying of an assessment or any obligation upon the member to pay the dues.

The only result of the failure to pay the dues is the suspension of membership, precisely the same as in the ordinary insurance companies the failure to pay the premium forfeits the policy. There is, therefore, no contract upon the part of the assured to do anything; the payment of the dues being only a condition precedent of the continuance of the membership or insurance, and in this respect the case at bar differs materially from that of *McDonald* v. *Ross-Lewin* (29 Hun, 87), there being in that case an express agreement to pay assessments.

But, upon an examination of the language of sections 5 and 18 of the act under which the appellant is incorporated, it will be seen that the action of the member is contemplated by the statute, it providing by section 5 that where any corporation, association or society which issues any certificate, policy or other evidence of interest, or makes any promise or agreement with its members whereby, upon the decease of a member, any money or other benefit, charity, relief or aid is to be provided or rendered by such corporation, association or society to the legal representative of such member *or to the beneficiary designated by such member, etc.* This language clearly confines the designation of the beneficiary to the member himself and

to no one else, hence assuming that the member is capable of acting in a legal manner in reference to the matter of insurance, which a minor cannot do. It is for the member to designate whether the loss shall be paid to his legal representatives or to some other beneficiary. And this view is reinforced by a consideration of the language of section 18, which provides that membership in any corporation, association or society transacting the business of life or casualty insurance, or both, upon the co-operative or assessment plan, shall give to any member thereof the right at any time, with the consent of such corporation, association or society to make a change in his payee or payees, beneficiary or beneficiaries without requiring the consent of such payee or beneficiaries.

Here, again, we have it assumed that the members have the capacity to act in changing their beneficiaries with the consent of the corporation, carrying out the privileges conferred by the fifth section, of designating who the beneficiary of the insurance should be. These things it being impossible for a minor to do, and being the necessary incidents of membership, the power to designate being a necessary part of the insurance, it is clear that minors cannot become members of such an association.

The order should be affirmed, with costs.

Order affirmed, with costs.