75  231
40ap 42

FREDERICK W. SMITH, as Receiver of THE FLOUR CITY LIFE ASSOCIATION, Plaintiff, *v.* GEORGE G. BOWN, Defendant.

*Co-operative assessment insurance — contract liability of a member to pay assessments.*

When the contract between a co-operative assessment insurance company, organized under chapter 175 of the Laws of 1883, and a member thereof, as evidenced by the by-laws and certificate of membership, creates an obligation on the part of the member to pay, at regular fixed periods, a stated fixed sum, whether called an assessment or a due, the payment of such sum may be enforced at law on the member's first default, although his default works a forfeiture or termination of his membership so that he is not liable to pay any further assessments.

SUBMISSION of controversy on agreed facts, without action, under section 1279 of the Code of Civil Procedure.

*William De Groff*, for the plaintiff.

*P. M. French*, for the defendant.

DWIGHT, P. J. :

The controversy here submitted is between the receiver of a dissolved co-operative assessment insurance company, organized under chapter 175 of the Laws of 1883, and one of its members, and presents the question whether, by becoming such member, the defendant contracted a liability to pay dues and assessments which can be enforced at law, or whether, on the other hand, his liability was limited to a forfeiture of his membership on his neglect or refusal to pay. The question, of course, is one of contract, and the inquiry is, what was the contract between the parties?

The only reported case in this State in which the question of liability to pay was directly adjudicated was that of *McDonald* v. *Ross-Lewin* (29 Hun, 90), which was a case in our own department in 1883. In this case the court found a contract to pay and held the member liable to an action to recover the first of the assessments on which he made default, but held that his default at the same time worked a forfeiture or termination of his membership, and that he was not liable to pay any further assessments. The defendant's application in that case contained the clause " and in case a certificate is granted on the statements and good faith of the above declarations, I hereby agree to accept and pay for the same,

subject to all the conditions of the by-laws and regulations of this association."

The only other case in this State in which the question of the member's enforcible liability to pay assessments was considered, though not involved in the action, was that of *The Matter of The Globe Mutual Benefit Association* (63 Hun, 263). The question there presented was whether it was competent for associations of this character to insure infants. It was held not competent, and by a majority of the court, in an opinion by O'BRIEN, J., for the reason that there was necessity for a mutual contract between the association and the member, of which the infant was incapable; and the case of *Ross-Lewin (supra)* was cited as authority for the proposition that there is a contract on the part of the member to pay his assessments upon which an action will lie. VAN BRUNT, P. J., dissented from the ground of the decision above stated and expressed an opinion that the member assumed no obligation to pay, but that the extent of his liability was to forfeit his membership for non-payment. In affirming the judgment of the Supreme Court, the Court of Appeals (135 N. Y. 284) in the language of ANDREWS, J., said: " We place our assent to the judgment below on the ground that it appears from a consideration of the statute of 1883, and the nature and object of co-operative insurance companies, *and the relation which members hold to the corporation,* that adult persons only were contemplated as entitled to be members." It is not made clear what the court consider to be the relation which members hold to the corporation, but the decision certainly does not condemn or disapprove the views held by the majority of the court below, nor the conclusion of the court in the case of *Ross-Lewin (supra).* The latter case, therefore, stands, so far, unquestioned as authority, and we feel ourselves bound to follow it so far as the facts of this case bring it within the reasoning and the rule there adopted.

The only question here is, therefore, was there in the contract between the association and the member in this case, a promise, either expressed or reasonably to be implied, to pay the assessment, so called, which is in question in this action. And the first remark we feel inclined to make is that the payment in question was not in any true or proper sense an assessment at all, but a regular bi-monthly due, the amount and time of payment of which were

fixed, at the outset, by the contract between the parties, and which was to remain constant and unchanged throughout the whole term of the defendant's membership. It bore no resemblance to the "mortuary" assessment which was required to be levied on the occasion of the death of a member to provide means to pay his certificate. The payment in question was required only of members of "Class B" which seems to have been an addendum rather imperfectly tacked onto the original scheme of the organization.

The provision for it is found in article 20 of the by-laws, and is as follows : "§ 4. Assessments will be levied on the first working day of February, April, June, August, October and December of each year ; and will fall due on or before the first of the month following, and based on the following :" and here follows a table of "rates," from which it appeared that the regular bi-monthly payment required of the defendant (determined by his age and the "number of shares" held by him) was five dollars and sixty cents. Here, it is apparent, was no "assessment" to be "levied" on the bi-monthly dates above mentioned, but that, by whatever process the amount was arrived at, it was done once for all when the by-law and the accompanying table were adopted.

Looking further for evidence of a contract to pay on the part of the member, we find that section 1 of article XV of the by-laws prescribes the form and contents of the certificate of membership and, among other things, that it "shall contain the specified terms of the agreement or contract between the association and the member to whom it is issued," and turning to the certificate itself, issued to the defendant, we find its first clause to be as follows : " For and in consideration of the representation made to it in the application for this certificate, and the sum of twenty-five dollars to it in hand paid, and the further sum of five dollars and sixty cents to be contributed bi-monthly * * * do hereby constitute George G. Bown * * * a member of this association, in Class B."

Here was, unquestionably, sufficient evidence of a contract obligation on the part of the defendant to pay the bi-monthly five dollars and sixty cents — whether it be called an assessment or a due — to bring the case within the doctrine of the case of *Ross-Lewin.*

The further question is raised by the submission — whether the

notice given to the defendant of the time and amount of the payment in question was sufficient under the requirements of the statute (Act of 1883, *supra*). We think that what we have already said in respect to the character of the payment is an answer to the objection to the notice.

The provision of the statute referred to (§ 17, as amended by § 5 of chapter 285, Laws of 1887) is as follows : " Each notice of assessment made by any corporation, association or society transacting the business of life or casulty insurance, or both, upon the co-operative or assessment plan, made upon its members, or any of them, shall truly state the cause and purpose of such assessment. And shall also state the amount paid on the last death claim paid ; the name of the deceased member, and the maximum * face value of the certificate or policy, and if not paid in full, the reason therefor." The notice given to the defendant served the useful purpose of reminding him of the nature of the payment required, the amount to be paid, the day of payment and the consequences of his failure to pay. It did not conform to all the requirements of the statute, and we think it need not for the reason that the payment called for was not an assessment within the meaning of the statute, and to give it the name of an assessment did not bring it within the statutory provisions. It was, so far as we can see, to all intents and purposes a bi-monthly premium, subject to no change of amount or date of payment during the continuance of the membership, unaffected by death losses or other vicissitudes of the business, and which the defendant had contracted to pay in consideration of the issuance of the certificate to him.

We think the case was within the doctrine of *McDonald* v. *Ross-Lewin* (*supra*) in respect to the obligation to pay, and that it is not within the purview of the statute in respect to notice of assessments, and, therefore, that judgment should be given to the plaintiff for the amount of the so-called assessment, with interest from September 1, 1891, but without costs, since costs are expressly disclaimed by both parties to the submission.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

So ordered.

---

* So in original.