PATRICK REDMOND, Respondent, *v.* THE INDUSTRIAL BENEFIT ASSOCIATION of Syracuse, N. Y., Appellant.

*Life insurance — the application and policy constitute the contract — proof of breach of representations — certificate of a physician filed with the insurer, how far evidence — evidence inadmissible under Code of Civil Proc. § 834.*

An application for a policy of life insurance and the policy issued thereunder constitute the contract of insurance, and the insured in entering into such contract is subjected to the terms, rules and provisions of the by-laws of the company. The representations contained in the application are deemed warranties, and if they are materially false or broken the policy will be void, and the beneficiary thereunder is not entitled to recover thereon.

In an action brought on a policy of life insurance, any statement as to the cause of the death of the insured, contained in the certificate of the physician of the insured filed with the insurer by the beneficiary as part of the proof of the death of the insured, and put in evidence on the trial, is not proper evidence against the plaintiff upon such trial of any fact, knowledge of which was acquired by the doctor by reason of his relation as a physician to the insured, if objected to under section 834 of the Code of Civil Procedure, but it is competent evidence as an admission by the plaintiff of the cause of the death of the insured; beyond that it does not bind the plaintiff as an admission.

The fact that a physician prescribed for a person, shortly prior to the issuing to her of a policy of life insurance, is no evidence of the falsity of the insured's representations that she was in good health, contained in the application for the policy, when there was no assertion in the warranty that the insured had not had the services of a physician within such period prior to the making of the application, nor does the fact that the insured was ill subsequent to the issuing of the policy raise a valid presumption against the truth of such representations.

It is proper, upon the trial of an action brought to recover the amount of a life insurance policy, to exclude, under the provisions of section 834 of the Code of Civil Procedure, the testimony of the physician of the insured as to what he was treating her for when he testifies that his information upon that subject was such as was necessary to enable him to treat the insured professionally.

(HERRICK, J., dissenting.)

APPEAL by the defendant, The Industrial Benefit Association of Syracuse, N. Y., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 23d day of October, 1893, upon the verdict of a jury rendered after a trial at the Albany Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 23d day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Walter S. MacGregor* and *William F. Beutler,* for the appellant.

*James C. Matthews* and *Franklin M. Danaher,* for the respondent.

MAYHAM, P. J.:

The defendant, being a mutual co-operative association organized under and in pursuance of the provisions of chapter 175 of the Laws of 1883, issued its certificate or policy of membership to Catherine Redmond, dated the 17th day of October, 1891, in class B of the association, providing for the payment to the beneficiary of the amount therein named on proof of the death of the assured.

On the 6th day of April, 1892, the assured died, and proof of the death was duly made and presented to the association, which refused to pay the amount of insurance on the ground that the representations of age and health contained in the application were untrue,

and that the policy was, for that reason, void; and in this action, prosecuted by the plaintiff as the sole beneficiary named in the policy, the defendant interposed such alleged false representation by way of defense. It is quite true, as contended by the learned counsel for the defendant, that the application and policy issued by the company under it constitute the contract of insurance, and that the insured in entering into that contract is subjected to the terms, rules and provisions of the by-laws of the company. (*Hutchinson* v. *Supreme Tent Knights of Maccabees*, 68 Hun, 355; *Smith* v. *Brown*, 27 N. Y. Supp. 11.)

Section 1 of article 7 of the by-laws makes the application upon which the certificate is based a part of the contract between the association and the assured, and provides that any fraudulent or untrue answers or statements made therein concerning the age, health or condition of the person therein insured, or of any material fact, shall render the certificate issued thereon void. Such representations in the application are deemed a warranty, and their falsity in an essential particular, a breach of the same, which renders the policy void. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341.)

If, therefore, by the undisputed evidence the warranty in the application was false or broken, then the policy would be vitiated or void, and the beneficiary in such case could not recover.

The only evidence in the case, so far as we can see, tending to show a breach of the warranty in the application, is that found in the proof of the death of the insured offered in evidence by the defendant.

That proof consisted of a verified certificate of Dr. Boyd, filed by the plaintiff with the defendant, containing, among other things, the opinion of the doctor as to the cause of her death, and the diseases of which she died, and containing also a statement that in January, 1891, he prescribed for the insured for a disease described in the certificate as *renal calculi.* This certificate having been furnished by the plaintiff to the defendant as one of the facts tending to establish his right to the insurance fund, it was urged by the defendant as an admission that the insured had been, within three years prior to the time of making her application, ill of some of the diseases referred to in her application, and consequently that her application was in that particular untrue and her warranty broken.

But it will be seen by a comparison of the application with this certificate (if competent evidence upon the subject of the diseases of the insured), that the former is not contradicted by the latter. The evidence does not in terms establish that *renal calculi* is a disease of the urinary organs existing at the time of the making of the application by the insured. And it was not error for the judge to so charge. Nor does the fact asserted in the certificate contradict any of the statements or warranty in the application. The questions propounded and answered in the application upon which a warranty can be predicated are as follows:

" 7. Has the insured ever had a stroke of paralysis, apoplexy, or had cancer, or anything resembling the same? If yes, state fully. No.

" 8. Has the insured during the past five years had any of the following diseases? (Yes or No.) If yes, state fully. Asthma? No. Liver complaint? No. Palpitation or disease of the heart? No. Bronchitis? No. Dropsy? No. Rheumatism? Yes. Diseases of the urinary organs? No. Or any disease, ailment or infirmity not mentioned herein?

" 9. Has the insured any ailment or infirmity at the present time? No.

" 10. Present state of health of insured is good.

" 11. Have any material facts relating to the bodily health or condition of the insured been omitted or suppressed? No."

None of these statements appear to be expressly proved untrue by the evidence offered on the trial, even if we regard the certificate of Dr. Boyd competent evidence as an admission by the plaintiff. But we think that that certificate, so far as it tended to prove any fact, knowledge of which was acquired by the doctor in his relation as a physician for the insured, before the issuance of the policy, was not proper evidence against the plaintiff on the trial, if objected to under section 834 of the Code of Civil Procedure.

The cause of the death was a pertinent inquiry, and so far as the certificate proved that, it was competent evidence as an admission by the plaintiff. (*Buffalo Loan, Trust, etc., Co.* v. *The Knights Templar & Masonic Mutual Aid Assn.,* 126 N. Y. 450.)

But beyond that we do not think it bound the plaintiff as an admission. Nor do we think that his evidence, that he prescribed

for her in January, February and March, 1891, any evidence of a breach of the warranty contained in the application. There was no assertion in the warranty that she had not had the services of a physician within three years previous to the date of the application.

This is not inconsistent with the determination of this court in *Boland* v. *Industrial Benefit Association* (74 Hun, 385; 56 N. Y. St. Repr. 382). In that case PUTNAM, J., expressly disclaims the conclusiveness of the certificate of death made by Dr. Graveline, but put his decision upon the ground that the whole evidence upon the trial shows that the certificate was true.

It was, therefore, an open and disputed question of fact in this case whether or not the warranty made by the insured in her application was true, which was properly left by the trial judge to the determination of the jury, and his refusal to nonsuit the plaintiff was not error. Nor was it error to exclude the testimony of Dr. Boyd offered by the defendant as to what he was treating the assured for in 1891. He testifies that his information upon that subject was such as was necessary to enable him to treat the insured professionally.

That brought him clearly within the prohibition of section 834 of the Code of Civil Procedure, and rendered his testimony upon that subject inadmissible, and it was properly excluded by the court, the inquiry relating to a period subsequent to the issuing of the policy, and did not, therefore, prove the physical condition of the insured at the time of making and signing the application. That she was sick subsequent to that time raised no valid presumption against the truth of her representation in the application. (*Tucker* v. *The United Life & Accident Insurance Association*, 133 N. Y. 548; *Cushman* v. *U. S. Life*, 70 id. 72.)

Nor was the evidence auxiliary to or explanatory of the certificate of the cause of the insured's death, and it was not, therefore, made necessary or proper by that certificate. By the introduction of that certificate the plaintiff did not waive the protection which he might claim under the provisions of section 834 of the Code, *supra*. Nor did that certificate absolve the doctor from all the duties and obligations imposed upon him by that section. We think this action well brought at law to recover the amount which, under this policy, was capable of being ascertained, liquidated and reduced

to a definite sum of money, the amount of which was capable of proof from the books of the defendant, based upon the receipts in the class in which this policy was issued, and the proof seems in this case to show that that amount had been definitely ascertained and was disclosed to the jury by competent proof, and the money so set apart to meet this class of liabilities could be reached in this action, if not by execution, by proceedings supplementary to or in aid of execution.

If the plaintiff is entitled upon the merits to judgment we see no objection to a recovery in this form of action.

The judgment must be affirmed, with costs.

PUTNAM, J., concurred; HERRICK, J., dissented.

Judgment affirmed, with costs.