(14 Misc. Rep. 10.)

### SYUCHAR v. WORKINGMEN'S CO-OP. ASS'N.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

1. BENEVOLENT SOCIETY—ACTION ON INSURANCE CONTRACT—CONSTITUTION AS EVIDENCE—RELEVANCY.
   In an action against a benevolent society on a contract of insurance, on the issue of notice and proof of claim, its constitution is relevant and material, whether there is reference thereto in the contract or not.

2. SAME—COMPETENCY.
   A written paper offered in evidence by defendant in an action against a benevolent society on its contract of insurance is shown to be competent by the uncontradicted testimony of defendant's secretary that it was the original constitution of the society, sealed with its seal, and signed by its president and secretary.

3. SAME—CONTROLLING FORCE OF CONSTITUTION.
   As between a benevolent society and a member to whom it has contracted to pay insurance under certain circumstances, its constitution, though not printed and distributed among its members, is controlling, where the presumption that the members are cognizant of its terms is not rebutted, but is strengthened by proof that it was always accessible to the members.

Appeal from Sixth district court.

Action by Roman Syuchar against the Workingmen's Co-operative Association. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

W. B. Donihee, for appellant.
Horace C. Skelly, for respondent.

GIEGERICH, J. Without touching upon the other points in the case, we find it necessary to reverse this judgment for error in the exclusion of evidence offered by the defendant. The action was

brought upon a contract of insurance against disability occasioned through sickness, by the terms of which the defendant, a benevolent society, agreed to pay certain sums to the plaintiff, one of its members, should he become disabled under the circumstances specified. Upon the issue of notice and proof of claim the defendant offered in evidence a document, which, according to the uncontradicted testimony of the defendant's secretary, was the original constitution of the association, sealed wih its seal, and signed by its president and secretary. Also from the proof adduced as foundation for the offer it appeared that access to this purported constitution was accorded the members of the society at its office, but that it did not exist in printed form. The justice below refused to receive the document in evidence, under exception, and this ruling we must hold to have been erroneous. Relevant and material the evidence certainly was. Even without intrinsic reference to the constitution made in the policy of insurance, such instrument, if shown to be in existence, controls, may supplement, and is presumed to be understood as an integral part of, the contract itself when made between a benevolent institution and its member. Supreme Commandery Knights Golden Rule v. Ainsworth, 46 Am. Rep. 332; May, Ins. § 552; Nibl. Mut. Ben. Soc. § 166. But here there was a direct reference to the constitution in the policy. As to competency, the uncontradicted testimony of the defendant's secretary, noted above, furnished ample foundation in support of the evidence offered. That the constitution was not printed and distributed to the members does not, in so far as we are advised, have bearing upon the controlling force of that instrument. Its existence being proven, as we have said, the members are presumed to be cognizant of its terms. By the record this presumption not only is unrebutted, but is materially strengthened through proof that the constitution was always accessible to the defendant's members, and so to the plaintiff.

For these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.