(23 Misc. Rep. 86.)

FRENCH et al. v. SOCIETY OF SELECT GUARDIANS.

(Supreme Court, Trial Term, New York County. March, 1898.)

BENEVOLENT SOCIETIES—ASSESSMENTS—BY-LAWS.

> A benevolent society, whose members agreed, upon joining, to conform to all laws of the society, issued certificates to its members, which also referred to its laws, by which it bound itself to pay to a member who paid his assessments and dues for seven years a pro rata share of its investment fund, not to exceed in amount $1,000, less the amount paid him as sick benefits. *Held*, that a member would be bound by a by-law providing that, when the amount of one assessment on all its members, after deducting one-third for the reserve fund, is less than $1,000, the amount paid on a certificate shall not exceed two-thirds the amount received on the assessment.

Action by Michael J. French and Eli Smith, administrator of Patrick J. French, against the Society of Select Guardians. Judgment for defendant.

W. R. Spooner, for plaintiffs.
Hobbs & Gifford, for defendant.

McADAM, J. The defendant is a benevolent society incorporated under the act of 1875 (chapter 267) entitled "An act for the incorporation of societies or clubs for certain lawful purposes." The subject of insurance is not among the purposes enumerated in the act, unless it falls within those designated as "mutual benefit" and "benevolent." The certificate of incorporation of the defendant states that one of the objects of the society is "to provide for rational, social enjoyment, and to establish a relief fund, from which its members complying with its laws, rules, and regulations may receive assistance, so that its members may be mutually benefited"; and the by-laws (section 5) name as one of the objects "to establish a relief fund, from which members of the organization who have complied with its laws, rules, and regulations may receive (section 6) the benefit of a sum not exceeding $25 per week, when, by reason of disease or accident, he becomes disabled from following his usual occupation; or an amount of not more than $1,000 when he has held a continuous membership in the society for seven years; provided, however, that the sum drawn from the society by any of its members shall never exceed in sick disability one-half the sum named in the certificate of membership." On

June 14, 1887, Patrick J. French became a member of the defendant, and received from it an "investment and certificate," in which he was declared to be entitled to all the rights and privileges belonging to his rank and standing, including a pro rata share, not exceeding $1,000, from the investment fund of the society, upon certain conditions, the third of which provides:

"In case the said member shall continue to pay all assessments, dues, and demands which may be legally made against him or against this certificate for the full term of seven years from this date, and shall in all particulars maintain himself in good standing in this society, then the said member shall be entitled to a sum not exceeding the principal amount named herein, less the amount which he has received as benefits from the society on account of disability or otherwise, with accumulated interest from date of each payment to date of expiration of certificate."

French retained his membership in the society for seven years, having during that time discharged all his obligations to the society. He received in sick benefits during the seven years $325, and brought the action to recover $675, upon the theory that under the certificate he became entitled to $1,000. He died pending the action, and it has been continued by his legal representatives. Upon joining the society, French signed an agreement in these words: "I agree, if admitted, to conform to all the laws, rules, and usages of the society, and to promptly comply with all lawful requirements." The certificate also refers to the laws, rules, and usages of the society; so that these, with the application, evidently became part of the contract. Hellenberg v. Independent Order, 94 N. Y. 580; Grossman v. Supreme Lodge, 13 N. Y. St. Rep. 596; Numrich v. Supreme Lodge (City Ct. N. Y.) 3 N. Y. Supp. 552; Demings v. Supreme Lodge, 131 N. Y. 522, 30 N. E. 572; May v. Society, 14 Daly, 389; Trust Co. v. Aberle, 18 Misc. Rep. 257, 41 N. Y. Supp. 638; Id., 19 App. Div. 79, 46 N. Y. Supp. 10; Redmond v. Association, 78 Hun, 104, 28 N. Y. Supp. 1075; Syuchar v. Association, 14 Misc. Rep. 10, 35 N. Y. Supp. 124; In re Globe Mut. Ben. Ass'n, 63 Hun, 263, 17 N. Y. Supp. 852; Benefit Order v. Jones (Okl.) 50 Pac. 165; Hass v. Association (Cal.) 49 Pac. 1056; Holland v. Taylor, 111 Ind. 121, 12 N. E. 116; Insurance Co. v. Foote, 79 Ill. 361. The defense is founded on one of the by-laws, which provides that when the amount of one assessment on all the members, after deduction of one-third of the sum for the reserve fund, is less than $1,000, the sum payable to a member holding a certificate like that issued to French shall in no case exceed the amount realized from such assessment, less one-third thereof for said reserve fund. The laws and rules of the society, therefore, expressly fit the pro rata interest of the holder of each certificate, and in their own terms limit the amount to be received under any certificate to not more than one assessment levied and paid, less the share passing to the reserve fund. In this instance the assessment realized $455.75, out of which one-third was paid into the reserve fund, leaving $303.83; and, after charging French with the sick benefits paid to the amount of $325, and the interest thereon, he became and was a debtor to the defendant at the time his cer-

tificate matured, so that the defendant owed him nothing thereon. That this result is worked out according to the by-laws is certain. While the plaintiffs must, in consequence, fail in the action, the result merits criticism. The avowed scheme of the defendant to pay a member $1,000 in seven years, in consideration of less than one-third of that amount received by it in installments, depended for its success upon so many doubtful contingencies that it would have been a miracle if it had not failed just as it did. It was nothing more or less than a game of chance or gamble, which has no place in any system of life insurance, for in that, if in nothing else, the utmost good faith must be observed. The officers of the defendant evidently did the best they could, but the scheme would not work; the logic of mathematics would not permit of its success. Fraternal societies should not engage in methods which are delusive, for they are fraught with danger to an unsuspecting and worthy class of people, seeking to guard against improvidence. Their dealings should be open and fair, that the members may not be deceived. They should never intimate anything in a certificate that cannot be made good to the fullest expectation of the beneficiary. This, however, does not affect the legal rights and obligations of the parties as they arise here, for, construing, as we must, the policy with the application and by-laws, the court has no alternative but to find for the defendant.

Ordered accordingly.