MARTHA L. NEWTON *vs.* NORTHERN MUT. RELIEF ASS'N.

NEWPORT—NOVEMBER 15, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Beneficial Associations.  Benefit Certificates.*

A benefit association issued to its members a certificate reciting that the holder was entitled to all the rights and privileges of membership and to participate in its benefit fund to a stated amount, which sum should at his death be payable to the beneficiary therein named.  The condi-

tions of the certificate, among others, required that the member should comply with the rules of the order then or thereafter in force. In a suit based upon such certificate to recover the stated sum named therein, regarded as a policy of insurance for such amount :—

*Held,* that the facts stated showed it was not an absolute contract of insurance for the payment of the amount named in the certificate, but the agreement of a benefit association in which the money due at the death of a member was to be paid by a special assessment. The laws of the order are referred to in the certificate and therefore formed a necessary part of the contract, and the certificate was taken subject thereto.

*Held,* further, that the laws of the order should be referred to to determine the sum due under such certificate.

(2)  *Judicial Notice.   Presumption.*

*Held,* further, that the form of insurance under the plan of beneficial associations based upon assessments in distinction to fixed premiums is now so common that the court is bound to take notice of its character and effect, and to presume that members of such associations know that their certificates are not absolute promises, but conditional upon the amount received from assessments.

ASSUMPSIT. The facts are stated in the opinion. Heard on petition of defendant for a new trial on exceptions to the *pro forma* ruling of the court directing a verdict for a stated sum.   Exceptions sustained.

STINESS, J. The plaintiff sues upon a benefit certificate for the sum of $2,000, claiming that it is a policy of insurance for that amount.

The certificate recites that Edward Newton, the insured, a member of Newport Associates No. 4, "is entitled to all the rights and privileges of membership in said Newport Associates and to participate in the Benefit Fund of the Northern Mutual Relief Association to the amount of $2,000, which sum shall at his death be paid to his wife, Martha L. Newton." The conditions which follow require that the statements of his application shall be a part of the contract; that the use of spirituous or malt liquors as a beverage shall annul the contract, and that he shall comply with the rules of the order then or thereafter in force.

The plaintiff relies upon the promise in the certificate to pay the sum of $2,000; while the defendant claims that the sum named is only a maximum of benefit, to denote the class

of which Edward Newton was a member and to fix the rate of assessment which he should pay and which should be collected at his death, and that the exact amount to be paid is to be determined by the laws of the order, not exceeding that sum.

The general laws of the order provide, cap. 1, § 2, as follows: "The amount to be paid from the Benefit Fund to the Beneficiary named in the Benefit Certificate of a member, at the death of such member, shall be at the following rates, viz.: For a member of the first rate, two thousand dollars; for a member of the second rate fifteen hundred dollars (&c.) . . . ; but if the amount received from the last assessment paid prior to said death is less than two thousand dollars, the Beneficiary of a member of the first rate shall not receive more than the amount of said assessment," &c.

At the trial it appeared that the money received from the last assessment before the death of Edward Newton was only $978.46, of which the plaintiff has received $900. It was ruled, *pro forma*, that the plaintiff was entitled to $1,100, remaining unpaid, verdict was given accordingly, and the defendant excepted to the ruling.

(1) The question is whether the plaintiff is entitled to the full sum of $2,000, or whether reference can be made to the laws to determine the amount due. If the certificate stood alone, the ruling would be correct. But it is evident that this was not an absolute contract for the payment of $2,000, as in an ordinary policy of insurance, but the agreement of a benefit association, in which the money due at the death of a member is to be paid by a special assessment. The laws of the order, therefore, form a necessary part of the contract. They are referred to in it. By the certificate the insured "is entitled to the rights and privileges of membership," so that it becomes necessary to inquire what those rights and privileges are. The insured is also required to comply with the laws, rules, and requirements of the order, from which it appears that on the death of a member notice is to be given and an assessment collected. It is the now familiar form of benefit societies, in which the only fund for the payment of

death benefits is received by a special collection, which the
member must be taken to understand as the measure of the
contract.   His membership is based upon this assessment,
and not upon a fixed premium, as in common life insurance.
As a member he must know, from the scheme of organiza-
tion, that the society has no capital from which to pay bene-
fits other than the periodic taxes which are made only when a
death occurs.   He must know that if there are not members
enough in his class to make up $2,000, on an assessment for
(2) his death, that the full sum cannot be paid.   This form of in-
surance is now so common that a court is bound to take notice
of its character and effect, and especially to presume that
members of a society organized for this purpose know that
their certificates are not absolute promises for the amount
named, but conditional upon the amount received from assess-
ments.   And this is just.   For if the number of members is
smaller than that required to make up the full sum, each
member pays for a proportionally smaller number of deaths.
True, a member may have paid assessments on a full class for
a long time, and then the number of members may fall off;
but this is one of the chances in this form of insurance.   In-
deed, it is not strictly insurance.   It is properly styled a benefit
fund.

As such a fund it covered sickness as well as death, pro-
viding for weekly payments which should be deducted from
the amount due on the decease of a member.   Hence the
certificate was not for an absolute sum at death, but for what
might then be due.   This must have been known to Edward
Newton, not merely from the general scheme of the society,
but also from the terms of his application, which directs the
payment at his decease of not the full sum, but "all benefits
to which I may be entitled," implying that he did not under-
stand the contract to be for the full sum, but for such sum
as would be due or be realized under the terms of the laws
and rules of the order.

It is so plain that a member of such a society takes his cer-
tificate subject to the laws of the society, that an extended
review of cases on this subject is needless.   We will refer to

two.  In *Supreme Lodge* v. *Knight*, 117 Ind. 489, Elliott, C. J., says : '' The provisions of the established by-laws of an association, such as that with which the assured united, are elements of the contract of insurance.  They are factors that cannot be disregarded.  That they have this effect all who become members of the association must know.  A person who enters an association must acquaint himself with its laws, for they contribute to the admeasurement of his rights, his duties and his liabilities."  This rule was applied in this case to a change in by-laws which made a new class of beneficiaries, thus cutting down the amount to be realized by assessment on the certificate in suit.

In *French* v. *Society of Select Guardians*, 51 N. Y. Supp. 675, McAdam, J., said : "The certificate also refers to the laws, rules, and usages of the society ; so that these, with the application, evidently became a part of the contract."

In that case a by-law provided that when an assessment, after deducting one-third for the reserve fund, should be less than $1,000, the amount paid on a certificate should not exceed two-thirds the amount received on the assessment, and it was held that the by-law determined the amount due upon the certificate.

In *Catholic Knights* v. *Morrison*, 16 R. I. 468, a by-law requiring the assent of a beneficiary to a change was repealed. A change of beneficiary made after the repeal was held to be valid, as it was in conformity to the by-laws then in force. While that case is distinguishable from this one, the same principle applies to both—that the contract is subject to the by-laws.

The plaintiff calls attention to general laws of the order, cap. 1, § 5, which provides that when the benefit fund is less than $2,000 an assessment shall be ordered, "and if the amount of one assessment is not sufficient to pay all claims reported at the date of the call a double assessment may be made, but not over two assessments shall be called during any one month."  The argument is that this provides for a double assessment to make up the $2,000.  We do not think that this is so.  The laws proceed upon the plan that $2,000

shall be kept in the treasury to meet a death claim, and when it is paid out an assessment is made for the money with which to meet the next claim.　Under section 5, if the full amount is not in hand an assessment is ordered, the subordinate association is notified " to forward to the General Treasurer the previous assessment," and to collect another.　This clearly shows that the purpose is to call in what is unpaid on the previous assessment, and to make another.　It is not to add the last assessment to the former, for that would not only be contrary to section 2, but it would also make a double assessment for a single death, which would conflict with the whole scheme of the association and its laws.　The two assessments in a single month are evidently applicable to cases of two or more deaths in one month.

If the laws of the defendant society form a part of the contract, as we think they do, it follows that the plaintiff was only entitled to recover the balance due on the last assessment, $78.46, and the verdict should have been for that amount.

Case remitted to the Common Pleas Division, with direction to enter judgment for the plaintiff accordingly.

*William P. Sheffield, Jr.*, for plaintiff.
*Robert M. Franklin*, for defendant.