WILLISON v. JEWELERS' & TRADESMEN'S CO.

(City Court of New York, General Term.   December 27, 1899.)

1. INSURANCE—ASSESSMENT COMPANY—CONSTITUTION AND BY-LAWS—EVIDENCE.
    Where the application of plaintiff's decedent for a policy in a mutual assessment company expressly stated that the constitution and by-laws of the company were a part of the policy, the deceased was chargeable with knowledge thereof, and they were, therefore, admissible in an action on the policy.
2. SAME— TIME POLICY TAKES EFFECT.
    Where an application for insurance made the company's constitution and by-laws a part of the policy, the insured was bound by a provision therein that policies did not take effect until 30 days after issuance, and there can be no recovery for death occurring before that time.

Appeal from trial term.

Action by Margaret Willison against the Jewelers' & Tradesmen's Company. From a judgment for plaintiff and from an order denying new trial defendant appeals. Reversed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Mooney & Card, for appellant.

Isaac N. Miller, for respondent.

O'DWYER, J. The constitution and by-laws of the defendant were excluded because not shown to have been brought to the attention of deceased. The policy itself provided that the rights given thereby should be subject to the constitution and by-laws. It expressly made the application a part of the policy, and the application expressly made the constitution or by-laws, rules, and regulations, a part of the policy. The deceased signed the application, and it was his duty to know its contents, and he must be presumed to have known that the constitution and by-laws were a part of the policy. But, had not this been so, defendant being an assessment company, the deceased, as a member of it, was chargeable with knowledge of all its rules and regulations, and was bound thereby. May v. Society, 14 Daly, 389. In assessment associations like that of defendant the constitution and by-laws constitute part of the contract, and are to be considered with the policy in determining the rights of the members and the obligations of the company. In re Equitable Reserve Fund Life Ass'n, 131 N. Y. 369, 30 N. E. 114; Hellenberg v. District No. 1, 94 N. Y. 580; Demings v. Supreme Lodge, 131 N. Y. 522, 30 N. E. 572; Syuchar v. Association (Com. Pl.) 35 N. Y. Supp. 124. "The difference between a certificate of membership in a beneficial association and a life policy is that in the latter the rights of the beneficiary are fixed by the policy, while in the former they depend upon the constitution and by-laws of the society." Numrich v. Supreme Lodge (City Ct. N. Y.) 3 N. Y. Supp. 552. Defendant proved that it was a mutual assessment association, and this, in addition to the reference in the application to the by-laws, entitled defendant to their admission in evidence as part of the contract of insurance. The exclusion of the constitution and by-laws materially injured defendant, because the contract of insurance expressly provided that the policy should not be in force until 30 days after it was issued, and that, in the event of death prior thereto, no claim should be paid thereon, but only a sum equal to the premiums paid should be payable. Section 2, art. 8, By-Laws. The evidence conclusively proved that deceased died prior to the expiration of such 30 days. It was a condition precedent to the validity of the policy that the insured should live for 30 days after it was issued, and, he not having done so, the policy was of no force or effect, and no liability thereunder attached to the defendant.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCHUCHMAN, J., concurs.