WILLIAM S. BOLAND, Respondent, *v.* INDUSTRIAL BENEFIT ASSOCIATION, Appellant.

*Life insurance — action on a policy — proof of the falsity of material answers in the application — direction of a verdict for the defendant.*

74  385
78  108
79  158
74  385
84  130

When, on the trial of an action brought to recover the amount named in a policy of life insurance, answers of the insured, contained in the application for the policy, which are warranties and material to the risk, are shown to be false by the positive testimony of a reputable and disinterested witness (a physician employed by the deceased), to whose evidence there is no satisfactory contradiction, it is the duty of the trial judge to direct a verdict for the defendant.

APPEAL by the defendant, Industrial Benefit Association, from a. judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 25th day of January, 1893, upon a verdict in favor of the plaintiff rendered at the Albany Circuit, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought by William S. Boland upon a policy or certificate of insurance, in which he was named as the beneficiary, issued by the defendant upon the life of Mary E. Boland, the wife òf the plaintiff. The certificate of insurance was issued December 18, 1890, upon an application therefor made by Mary E. Boland, who died January 8, 1891.

*William F. Beutler*, for the appellant.

*George Addington*, for the respondent.

PUTNAM, J.:

In the application of deceased for insurance the following questions were asked and answers given: " 22. How long since you required the services of a physician? Four months. 23. For what disease or trouble? Child-birth. 24. Give name and address of physician? Dr. Jos. Lewi, corner of Trinity place and Westerlo St., Albany, New York. * * * 27. Have you had during the past five years or are you subject to any of the following diseases or any not named herein? * * * Any bladder or kidney trouble? * * * If yes, state fully? None that I know of."

The above answers made by deceased in her application should be deemed warranties, and if untrue, avoid the policy issued by defendant on which the action is brought. Such answers are not only warranties, but are also to be regarded as material to the risk. (*Dwight et al.* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Higbie, Exr.*, v. *The Guardian Life Ins. Co.*, 53 id. 603.)

Dr. Graveline, who attended the deceased in her last illness, testified that within four months prior to the time of her application, on two occasions, he attended deceased for chronic cystitis or inflammation of the bladder. If this statement of Dr. Graveline's is true, the policy on which the action is brought was by its terms null and

void. The assured not only answered untruely as to being attended by Dr. Graveline within four months, but also suppressed the fact that she was treated for a bladder difficulty, and that she had had such a disease within five years. Dr. Graveline testified that he was not in any way connected with defendant. He was the physician of deceased, who attended her in her last illness, and it was not suggested that he was not a disinterested witness and a reputable physician.

After a careful review of the evidence, we are unable to find that his testimony is in fact contradicted. All that the plaintiff testified to, was that Dr. Graveline did not attend his wife in August *to his knowledge.* But he stated that he was at work and absent a portion of the time. If the doctor had been there his wife, he thought, would have told him. *He had no personal knowledge at all on the subject.* Therefore, the positive statement of Dr. Graveline, that he attended deceased twice within four months from the date of the application, was not satisfactorily denied. The testimony of the plaintiff that he (plaintiff) did not see the doctor at his house — inasmuch as plaintiff was absent attending to his work a part of the time — is not inconsistent with the evidence given by the doctor. Nor does the statement of plaintiff, that had the doctor been there in August his wife, he thought, would have told him, have any force as evidence.

The testimony of Dr. Graveline, that at the time mentioned he attended the deceased for a difficulty of the bladder, is not contradicted. The fact that Dr. Allen, four months later, did not observe any symptoms of that disease is not inconsistent with Dr. Graveline's statement. Dr. Allen testified that there are no outward manifestations of chronic cystitis. That it is a disease that requires an examination to detect. He did not examine her for that disease in December, and could not swear that she, at that time, had no symptoms of cystitis or that she had not had. He did not ask her any questions in reference to any of the symptoms of a bladder difficulty. This testimony of Dr. Allen's cannot be deemed a contradiction of the evidence of a disinterested physician that four months prior to this introduction of Dr. Allen to deceased he had attended her for a disease of the bladder.

The case discloses, therefore, the warranty as above set out, the

positive statement of a reputable and disinterested witness — the witness employed by deceased as her physician — showing the falsity of her answers to the questions in the application constituting the warranty, and no satisfactory contradiction of his testimony. It must be deemed established that Dr. Graveline visited the assured in August, and that he treated her for a bladder difficulty. After a careful consideration of the testimony we cannot resist the conclusion that such are the facts. At the most there was a mere scintilla of evidence tending to contradict Dr. Graveline's statement. Such being the case, we think the trial judge should have directed a verdict for the defendant instead of submitting the case to the jury. (*Dwight et al.* v. *Germania Life Ins. Co., supra,* 359 ; *Linkhauf et al.* v. *Lombard et al.,* 137 N. Y. 417, 426 ; *Bulger* v. *Rosa,* 119 id. 459, 464.)

It is proper to say that we do not think plaintiff was concluded by the certificate of Dr. Graveline annexed to the proof of death ; also we are of the opinion that the trial judge did not err in allowing plaintiff to prove his protest to the certificate of the doctor, but we hold that the evidence given on the trial shows that the certificate was true.

The judgment should be reversed, a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.