[Civil No. 380.  Filed March 8, 1894.]

[36 Pac. 895.]

## THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a Corporation, Defendant and Appellant, v. EDWARD ARHELGER, Administrator of the Estate of Alexander Graydon, Deceased, Plaintiff and Appellee.

1. ATTORNEY AND CLIENT—STIPULATION AS TO EVIDENCE—AUTHORITY.— It is competent for an attorney of the administrator of the estate of a deceased policy-holder to stipulate as to the truth of facts showing that certain answers made by deceased to questions propounded in the application for such policy and warranted to be true were in fact false.

2. LIFE INSURANCE—PHYSICIAN DEFINED.—To be one's physician means to attend upon him or to consult with him in a professional capacity about one's state of health.

3. SAME—POLICY—ANSWER — WARRANTIES — FALSITY AVOIDS POLICY.— Statements made by deceased in answer to questions contained in his application for a policy of life insurance wherein he represented that he had not consulted any physician for sickness since childhood, and did not remember the name or address of any physician attending him, by him "warranted to be true," and "offered to the company as a consideration of the contract," under the stipulation of the parties and the evidence in the case, shown to be false, constitute a breach of deceased's warranty and avoid the policy.

4. SAME—SAME—DEFENSE—BREACH OF WARRANTY OF TRUTH OF ANSWERS—KNOWLEDGE OF APPLICANT OF FALSITY IMMATERIAL.—It is a good defense to an action on a policy of life insurance to show

that answers made a part of the policy and warranted by the applicant to be true were in fact untrue, without showing that the applicant knew or believed them to be untrue.

5. SAME—SAME—SAME—PROOF OF KNOWLEDGE OF FALSITY NECESSARY WHEN ANSWERS ARE REPRESENTATIONS—MOULOR v. INSURANCE CO., 111 U. S. 335, 4 SUP. CT. REP. 466, DISTINGUISHED.—When the words used in a contract of insurance are plain and constitute a strict warranty. of the truth of the answers to questions therein contained, the rule in *Moulor* v. *Insurance Co.*, *supra*, that there was doubt of the meaning of the contract, and that it was therefore proper to consider the statements of the applicant as "representations" and warranties only to the extent that they were made in good faith and were true as far as the insured knew, is inapplicable.

ROUSE, J., dissenting.

6. CONTRACTS—CONSTRUCTION—RULE OF CONFINED TO CASES OF DOUBT.—The term "rule of construction" is confined by general usage to rules for the interpretation of written documents in matter on which, in the absence of a rule to aid, there might be a doubt.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Joseph H. Kibbey, Judge. Reversed.

The facts are stated in the opinion.

J. B. Early, for Appellant.

The general principles which govern warranty, representation, and concealment are the same in life as in fire and marine insurance, and a direct assertion of a material fact is understood to be a warranty of that fact, and perfect good faith is required of both parties. So, if the applicant warrants his answers to be true, and they are found to be untrue, although they may not be material to the risk, yet as he warranted the same to be true, and they are found to be untrue, it will avoid the policy.

It is the duty of the insured to disclose all material facts within his knowledge in regard to his health, and the concealment of a material fact when a general question is put by the insurers at the time of effecting the policy which would elicit that fact, will vitiate the policy. *Vose* v. *Eagle Life Ins. Co.*, 6 Cush. 42; *Campbell* v. *New England etc. Ins. Co.*, 98 Mass. 381; *Miles* v. *Connecticut etc. Ins. Co.*, 3 Gray, 580.

When a party enters into a contract for life insurance, and stipulates that his answers to questions propounded in the application are true, it matters not whether the statement appears to be material or not. The parties to the contract having determined that question for themselves, the court will not inquire into the materiality of the matter, but consider the same to be a warranty, and if any of the answers are found to be untrue it will avoid the policy. *Campbell* v. *New England etc. Ins. Co.,* 98 Mass. 381; *Miller* v. *Insurance Co.,* 31 Iowa, 216, 7 Am. Rep. 122, note.

A warranty in a policy of insurance is in the nature of a condition precedent, and constitutes a part of the contract, and it is necessary that it be exactly and literally complied with; and the application and the policy should be taken as one instrument and form one entire contract, and if the answers to any of the questions propounded to the insured should be found in any respect untrue, the policy shall be avoided. *Miller* v. *Insurance Co.,* 31 Iowa, 216, 7 Am. Rep. 122, note; *Campbell* v. *New England etc. Ins. Co.,* 98 Mass. 381; *Insurance Co.* v. *Robertson,* 59 Ill. 123, 14 Am. Rep. 8; *Kelsey* v. *Insurance Co.,* 35 Conn. 225; *Andrew Sceales* v. *Scandlan,* 6 Irish Law Rep. 367; *Daniels* v. *Insurance Co.,* 12 Cush. 416; 59 Am. Dec. 192; *Ripley* v. *Insurance Co.,* 30 N. Y. 136, 86 Am. Dec. 362; May on Insurance, pp. 179, 180.

Whether the fact stated or the act stipulated for be material to the risk or not, is of no consequence, the contract being that the matter is as represented. It shall be as promised, and unless it proves so, the insured can have no claim. *Cooper* v. *Insurance Co.,* 50 Pa. St. 331; *Insurance Co.* v. *McMaran,* 3 Dow. P. C. 225; *Sayles* v. *Northwestern Ins. Co.,* 2 Curt. 612, (Mass.) Fed. Cas. No. 12,422; *Anderson* v. *Fitzgerald,* 24 Eng. L. & E. 1, 4 H. of L. 484; *Witherell* v. *Insurance Co.,* 49 Me. 200; *Westfall* v. *Insurance Co.,* 2 Denio, 78; *Stout* v. *Insurance Co.,* 12 Iowa, 371, 79 Am. Dec. 539; *Cushman* v. *United States Life Ins. Co.,* 70 N. Y. 72; *Patch* v. *Insurance Co.,* 44 Vt. 481; *O'Neil* v. *Buffalo Ins. Co.,* 3 N. Y. 122; *Swick* v. *Ins. Co.,* 2 Dill. 160, Fed. Cas. No. 13,692; *Appleton Iron Co.* v. *Insurance Co.,* 46 Wis. 23.

Nor does it matter that the insured was ignorant of having the disease inquired about. *Powers* v. *Northeastern Life Assn.,* 50 Vt. 630; *Continental Life Ins. Co.,* v. *Young,* 113 Ind. 159;

3 Am. St. Rep. 630, 15 N. E. 220; *Moulor* v. *Insurance Co.,* 111 U. S. 335, 4 Sup. Ct. Rep. 466; *Insurance Co.* v. *Gridley,* 100 U. S. 614; *Swartzbach* v. *Ohio Vol. Prot. Union,* 25 W. Va. 622, 52 Am. Rep. 227; *Gridley* v. *Insurance Co.,* 14 Blatch. 107, Fed. Cas. No. 5808; *Peasely* v. *Insurance Co.,* 15 Hun, 227; *Insurance Co.* v. *Heinman,* 93 Ind. 24; *Murphy* v. *Insurance Co.,* 6 La. Ann. 318, 26 Am. Dec. 478; *Home Mut. Life Ins. Co.* v. *Gillespie,* 110 Pa. St. 84, 1 Atl. 340.

Where the applicant untruly states that he has had no medical attendance or prescription, it avoids the policy. *Metropolitan Life Ins. Co.* v. *McTague,* 49 N. J. L. 587, 60 Am. Rep. 661, 9 Atl. 766; *Insurance Co.* v. *Great W. R. Co.,* 38 Law. J. 132.

An attorney has implied authority to make a stipulation as to the admission of evidence. *Erwin* v. *English,* 57 Conn. 362, 19 Atl. 238; *Van Horn* v. *Burlington R. R. Co.,* 69 Iowa, 239, 28 N. W. 547.

E. J. Edwards, for Appellee.

Graydon did not deny drinking spirituous liquors to some extent, and even if he had it would be wholly immaterial. An occasional indulgence to excess in strong drink would not render the answer false or untrue. *Insurance Co.* v. *Reif,* 36 Ohio St. 596, 38 Am. Rep. 613; *Insurance Co.* v. *Foley,* 105 U. S. 350; *Insurance Co.* v. *France,* 91 U. S. 510.

It is contended by appellant that Graydon in his application for insurance warranted his answers to be true, and that if any one of them is found to be untrue a recovery cannot be had. Contrary to such contention are the following cases: *Insurance Co.* v. *Gridley,* 100 U. S. 614; *National Bank* v. *Insurance Co.,* 95 U. S. 673; *Moulor* v. *Insurance Co.,* 101 U. S. 708; *Moulor* v. *Insurance Co.,* 111 U. S. 335, 4 Sup. Ct. Rep. 466; *Insurance Co.* v. *Shultz,* 73 Ill. 586.

The case at bar cannot be distinguished from that of *Moulor* v. *Insurance Co., supra.*

BAKER, C. J.—This suit was commenced by Edward Arhelger, administrator of the estate of Alexander Graydon, deceased, against the Mutual Life Insurance Company of New York upon a life policy issued by the appellant to the appellee's intestate. The case was tried before a jury, and a verdict

rendered in favor of the appellee in the sum of $5,462.21. Judgment followed the verdict. The court denied a motion for a new trial, and the appeal is taken from the judgment and the order denying the new trial. The policy was issued to the deceased, Graydon, December 16, 1890, for the sum of five thousand dollars, and is what is commonly called a "fifteen-year distribution policy." Graydon was forty-five years of age at the time, and died February 28, 1891. Several defenses were interposed at the trial, but we shall consider only one,—viz., that there was a breach of warranty in the applicacation for the insurance, wherein the deceased represented that he had not consulted any physician for sickness since childhood, and did not remember the name or address of any physician attending him. If we are right in our determination concerning this defense, none others need be discussed. The following questions and answers were asked of and made by Graydon in his application for the policy: "Question 17. When did you last consult a physician, and for what disease?—Answer. Not since childhood.—Question 18. Give names and addresses of the physicians who have attended you.—Answer. Don't remember." The truth of these answers was warranted in the same application for the policy as follows: "I also agree that all the foregoing statements and answers, as well as those that I make to the company's medical examiner in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract" (policy), etc. The following written stipulation, signed by the attorneys for the respective parties, is a part of the record, and was read in evidence to the jury at the trial: "The plaintiff admits that the following facts are true: That Dr. H. H. Huff was called to see the said Alexander Graydon, deceased, on the day of his death, and administered to said Graydon's wants as a physician; that Dr. H. H. Huff found said Graydon in a drinking condition; that Graydon said that he (Graydon) had.been drinking, and was afraid to go to sleep, and wanted Huff to give him an opiate to make him sleep; that Dr. Huff had treated Graydon before, and then gave Graydon the opiate; that Graydon remarked to Huff that he (Graydon) preferred the opiate, as the other treatment made him sick; that Huff had been Graydon's physician from July, 1890, up to the date of Graydon's

death." The court also submitted the following special inquiries to the jury, and they returned the following answers: "Question 6. Did Graydon receive medical attention or have a physician within two years prior to December 15, 1890? If so, for what disease, if any?" In answer to the sixth interrogatory the jury say: "Yes; for cold and inflammation of the bowels." "Question 8. If any physician attended Graydon, did he know the name or names of the physician or physicians who attended him within two years prior to December 15, 1890?" In answer to the eighth interrogatory the jury say: "Yes." "Question 9. If any physician attended Graydon, did he know the address or addresses of the physician or physicians who attended him within two years prior to December 15, 1890?" In answer to the ninth interrogatory the jury say: "Yes." The stipulation must be construed as establishing the falsity of the applicant's answer to the question about consulting a physician for sickness. To be one's physician means to attend upon him or to consult with him in a professional capacity about his state of health; that is to say, to prescribe treatment, if necessary, and give directions and advice calculated to relieve from sickness and restore to health. The questions put to the applicant were comprehensive enough and clear enough to fully advise him of the fact the company desired to ascertain,—if he had consulted, or had been attended by, any physician for any sickness, and, if so, the name and address of such physician, and the character of such ailment. If he had consulted any physician in a professional character, or received any treatment or advice at the hands of one, it was his bounden duty to disclose the fact in answer to the inquiries, for his warranty fully covers such matters. The stipulation was a competent one for the attorney of the appellee to make, and, so far as the evidence is concerned, was justified; and, in our opinion, it clearly shows a breach of the warranty of the truth of the answers quoted. If there is any doubt of this, we add that the uncontradicted evidence unquestionably shows that the deceased was attended and treated by another physician, Dr. Cook, upon other occasions during the year 1888 or 1889, when he had indulged in protracted sprees and become sick.

The appellant had a perfect right to make the questions and answers in the application a part of the contract, and we

have no right to make any other or different contract for the parties. Such answers were material to the policy. They were made so by its terms, and no rule of construction will be suffered to destroy the effect of plain language. We hold that the statements by the deceased in the application for the insurance about a physician were warranted to be true, and that the stipulation and the evidence show a clear breach of such warranty. The policy is voided. *Dwight* v. *Insurance Co.*, 103 N. Y. 341, 57 Am. Rep. 729, 8 N. E. 654; *McCollum* v. *Insurance Co.*, 28 N. Y. St. Rep. 272, 26 N. Y. Supp. 249; *Boland* v. *Association*, 74 Hun, 385, 26 N. Y. Supp. 433. It makes no difference whether the deceased knew them to be untrue or not. It is a good defense to show that as a matter of fact they were untrue, without showing that he knew or believed them to be untrue. *Society* v. *Llewellyn*, 58 Fed. 940, 7 C. C. A. 579.

Counsel for appellee directs our atention to the case of *Moulor* v. *Insurance Co.*, 111 U. S. 335, 4 Sup. Ct. Rep. 466, and thinks that case should govern this. The cases are clearly distinguishable. *Society* v. *Llewellyn, supra*. In *Moulor* v. *Insurance Co.* it was held, in effect, that there was doubt of the meaning of the contract, and it was therefore proper to consider the statements of the applicant as "representations" and warranties only to the extent that they were made in good faith, and were true, as far as the insured knew. The statements of the applicant were referred to in the body of the policy as being representations, and this expression was made to govern. But there is no doubt of the meaning of this contract. Read it as you will, it remains a strict warranty. The words used are plain, and are comprehended as soon as read. In such a case there is no room for construction, for the very good reason that there is no need of it. 2 Parsons on Contracts, 500. The term "rule of construction" is confined by general usage to rules for the interpretation of written documents in matters on which, in the absence of a rule to aid, there might be a doubt. Pollock on Contracts, 456. The judgment is reversed, and the case remanded for a new trial.

Sloan, J., concurs.

HAWKINS, J.—I concur in the reversal of the case.

ROUSE, J.—I concur in the reversal of the case, but not in the opinion. *Moulor* v. *Insurance Co.*, 111 U. S. 335, 4 Sup. Ct. Rep. 466, is not distinguishable from this case.