SARAH BRADY, Plaintiff and Appellant, *v.* INDUSTRIAL BENEFIT ASSOCIATION, Defendant and Respondent.

*Life insurance policy — newly discovered evidence.*

Unless it can be seen that alleged newly discovered evidence may produce a result different from that of the trial previously had, a new trial on that ground should not be granted.    As a general rule, newly discovered evidence, available only for the purpose of discrediting a witness, is not a ground for granting a new trial.

In an action brought to recover the amount of a policy of life insurance, which was defended on the ground that the policy was void because of a breach of warranty on the part of the assured, in stating that he had not had, and was not, subject to a certain disease, the evidence on the part of the defendant showed that prior to the issuing of such policy the assured was ill with such disease.

*Held,* that the fact that there was evidence given by witnesses called on behalf of the plaintiff that they had seen such person frequently or occasionally prior to the time of the issuance of such policy, and that he appeared to be in good health, and that they had not known him to be afflicted with such disease, is not so inconsistent with the evidence given on the part of the defendant as to raise a question of fact for the jury or to prevent the court from directing a verdict for the defendant.

MOTION by the plaintiff, Sarah Brady, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after a verdict by the jury directed by the court on the 4th day of October, 1893, after a trial at the Cayuga Circuit.

Also an appeal by the plaintiff, Sarah Brady, from an order of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 21st day of March, 1894, denying her motion for a new trial upon a case and exceptions made and settled in the action and upon certain affidavits setting forth alleged newly discovered evidence.

*Amasa J. Parker*, for the plaintiff and appellant.

*Walter S. MacGregor*, for the defendant and respondent.

BRADLEY, J.:

The action was brought by the plaintiff as beneficiary of a certificate of membership or policy issued by the defendant to Millard Fiero October 13, 1890. He died April 12, 1892.

The statements and representations of the assured, contained in his application of date October 10, 1890, were, by the terms of the certificate and the by-laws of the defendant, made the basis and part of the contract of the insurance and were warranties on his part.

Amongst the interrogatories and his answers thereto, contained in the application, were the following: " Q. Are you now in good health? A. Yes. Q. Are you usually in good health? A. Yes. Q. Are you free from predisposition to disease? A. Yes. Q. How long since you required the services of a physician? For what disease or trouble? A. Never seriously sick. Q. Have you had during the past five years, or are you subject to any of the following diseases, or any not named herein, spitting of blood [following with several other specified afflictions]? If yes, state fully? A. No. Q. Are you aware that if any fraudulent or untrue answers have been made, or if any facts which should have been stated have been suppressed, that your certificate is null and void? A. Yes." By evidence on the part of the defendant it appeared that in 1888, and from time to time thereafter, Fiero was sick; that in the spring of 1889 he was so afflicted with hemorrhages of the lungs that blood came from the mouth quite freely and his condition was feeble. And witnesses testified that in 1888 they talked with him about his sickness, and that he stated to them that he was subject to hemorrhages of the lungs.

The facts thus proved constituted a breach of the warranty which was made the basis of the contract of insurance, and the truth of which was the condition upon which the validity of the defendant's certificate or policy was dependent. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Clemans* v. *S. A. R. S. of G. F.*, 131 id. 485; *Boland* v. *Industrial B. Assn.*, 74 Hun, 385.)

There was some evidence given by witnesses called on behalf of the plaintiff to the effect that they had seen Fiero frequently, or occasionally, in the years before mentioned, and in 1890, prior to the time the certificate was issued; that he appeared to be physically in good health, and that they had not known of his having been afflicted with hemorrhage of the lungs. It is not seen that this evidence was so inconsistent with that on the part of the defendant as to raise a question of fact for the jury upon the issue as to the truth of the representations of the assured in his application. The exception to the direction of a verdict for the defendant was not well taken. Nor do we find any error prejudicial to the plaintiff in any other ruling at the trial.

The further evidence, treated as newly discovered, upon which the plaintiff founds her application for a new trial, so far as it relates to the merits, is similar to that given on her part on the trial, and is in that sense cumulative. It would not necessarily be contradictory of that of the specific facts testified to by the defendant's witnesses, and, assuming that the latter are entitled to credit, it would add substantially nothing more in support of the action.

And unless it can be seen that the newly discovered evidence has such importance as to permit the supposition that it may produce a result different from that of the trial previously had, a new trial on that ground ought not to be granted. (*Schultz* v. *Third Ave. R. R. Co.*, 15 J. & S. 285; *Jackson* v. *Town of Ft. Covington*, 40 N. Y. St. Repr. 67.)

The plaintiff bases her motion partly upon the statement of a purpose to produce evidence by way of impeachment of the credibility of one of the defendant's witnesses on the trial, and presents affidavits of persons to the effect that such witness is not entitled to credit. As a general rule newly discovered evidence sought for the purpose of discrediting a witness is not a ground for granting a new trial. (*Carpenter* v. *Coe*, 67 Barb. 411; *Starin* v. *Kelly*, 15 J. & S. 288.)

It appears that the action has been twice tried. The first trial was in May, 1893, and the second trial was in October following. The person whose credibility the plaintiff seeks to impeach was a witness on both trials, and no evidence was offered on either to impeach the veracity of such witness.

If the testimony of any one of three of the witnesses who testified on the part of the defendant upon the trial is taken as true, it is not seen how the plaintiff could recover on a new trial. There is no well-founded ground for granting it.

The motion for a new trial should be denied and the order appealed from affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and order appealed from affirmed, and judgment ordered for the defendant upon the nonsuit.