BRIDGET MORAN, Respondent, *v.* HARRIS FRIEDMAN, Appellant.

*Assault — newly-discovered evidence — when a new trial will be granted.*

Motions for new trials made upon the ground of newly-discovered evidence will not usually be granted where such evidence is cumulative, or where it merely impeaches the veracity of a witness; nor will a new trial be granted unless it can be seen that the newly-discovered evidence is of such importance as to admit of the supposition that the result reached upon a second trial will be different from that of the trial already had.

Where the alleged new evidence could by the exercise of reasonable diligence have been discovered and presented on the trial, the motion for a new trial will be denied.

In an action brought to recover damages resulting from an alleged assault there were two witnesses on each side, and their testimony was in direct conflict. The defendant moved for a new trial upon newly-discovered evidence, relating to statements made by the plaintiff, which tended to show that there was no foundation for the charge of an assault; the motion was denied.

*Held,* that such denial was improper.

APPEAL by the defendant, Harris Friedman, from a judgment of the County Court of Rensselaer county in favor of the plaintiff, entered in the clerk's office of said county on the 24th day of December, 1894, upon the verdict of a jury; also from an order entered in said clerk's office on the same day, denying a motion for a new trial made upon the minutes; also an appeal from an order entered in said clerk's office on the 17th day of April, 1895, denying a motion for a new trial made upon the ground of newly-discovered evidence.

The action was brought to recover damages resulting from an assault committed upon the plaintiff by the defendant, as alleged, in attempting to reclaim furniture sold upon the installment plan.

The newly-discovered evidence principally relied on was that of Ida Allen, who made an affidavit stating that she lived near the plaintiff in Cohoes at the time of the assault, and then had a conversation with the plaintiff. " That during said conversation as aforesaid said Bridget Moran asked deponent if she knew a Jew in Troy by the name of Friedman, who was engaged in the installment business, to which she, deponent, answered that she did not know him. Said Bridget Moran then said to deponent: 'I have sued the

Jew; I understand he is very rich, but I should like to know for sure.' Deponent then asked said Bridget Moran what she sued Friedman for, to which she replied that Friedman had sold Mrs. Flynn a bed and some other things, and that he came to her house (Bridget Moran's) looking for Mr. Flynn, and saying that he wanted his money, so I (Mrs. Bridget Moran) threw a box at the Jew and run him out of the house. During the aforesaid conversation said Bridget Moran also said to deponent: 'Two days before I (Bridget Moran) had the trouble with the Jew I fell down stairs and hurt my side very bad; but, if the old woman sticks to me, I'll make the Jew pay for that.'"

The daughter of Ida Allen made an affidavit that she was present at this conversation, and her affidavit repeated it in substance.

*F. B. Taylor* and *Fellows & McElwain*, for the appellant.

*John Scanlon* and *James R. Stevens*, for the respondent.

HERRICK, J.:

One of the appeals above entitled is from a judgment entered in favor of the plaintiff and against the defendant, and the other two are appeals from an order denying a motion made for a new trial on the minutes and from an order denying a motion made for a new trial upon the ground of newly-discovered evidence.

These appeals were argued together. Ordinarily motions for new trials upon the ground of newly-discovered evidence will not be granted where such evidence is cumulative or is merely to impeach the veracity of witnesses sworn upon the trial; neither will it be granted unless it can be seen that the newly-discovered evidence is of such importance as to admit the supposition that the result will be different from that of the trial previously had. (*Brady* v. *Industrial Benefit Association*, 79 Hun, 156.)

In this case the evidence was of such a character that a verdict by a jury for either the plaintiff or the defendant would not have been set aside as against the weight of evidence.

There were only four witnesses to the transaction in question, the plaintiff, the defendant, the plaintiff's mother and the man who accompanied the defendant to plaintiff's house.

Two witnesses on each side, including the parties to the action, and their stories as to what took place, were in direct conflict.

Such being the state of the testimony upon the trial it seems to me that there can be but little doubt that the newly-discovered evidence "may produce a result different from that of the trial previously had."

The new evidence is not simply to impeach the veracity of a witness; it goes farther than that; it not only, if true, impeaches the veracity of the plaintiff, but impeaches the good faith with which the action is brought, to the extent of indicating that the charge made by her against the defendant is a trumped-up one.

It has also been held that where the alleged new evidence is evidence that could, by the exercise of reasonable diligence, have been discovered and presented at the trial the motion will be denied. (*Smith* v. *Rentz*, 73 Hun, 195.)

I do not see in this case that there has been any lack of diligence upon the part of the defendant; the newly-discovered evidence is not that of witnesses to the transaction in question, whose presence and what they saw or heard could have been ascertained by diligent investigation, but is that of persons who have had conversations with the plaintiff, and it is hardly to be expected that the defendant should make inquiries as to who amongst plaintiff's neighbors had had conversations with her in reference to the transaction in question, and except by such an investigation there was no method for the defendant to discover the evidence in question, except by some accident, such as happened in this case. It seems to me, therefore, that the defendant's motion should not be denied upon the ground of a lack of diligence in not heretofore discovering the existence of the testimony he now desires to present.

The order denying the motion for a new trial on the ground of newly-discovered evidence should, therefore, be reversed and the motion granted. The motion for a new trial being granted, there is no occasion to investigate the appeal from the judgment.

Upon the plaintiff's stipulating thereto, the appeal from the judgment may be withdrawn, without costs of the appeal to either party; if the plaintiff refuses to make such stipulation, the defendant may enter a judgment of reversal and for a new trial, with costs and disbursements of the appeal.

The order denying motion for a new trial should be reversed and motion granted, with ten dollars costs of motion and ten dollars costs and printing disbursements of this appeal.

PUTNAM, J., concurred; MAYHAM, P. J., not acting.

Order reversed, with ten dollars costs and disbursements and motion granted, with ten dollars costs.