Hun.] FIRST DEPARTMENT, OCTOBER TERM, 1895.

The Standard Fertilizer Company v. Edward D. Cleary.— Motion for leave to go to the Court of Appeals denied, with ten dollars costs.

Betsey Ketchum v. James A. Holden, Administrator.— Motion for reargument or leave to go to the Court of Appeals denied, with ten dollars costs.

Bridget Moran v. Harris Friedman.— Motion to correct order made July sixth granted, without costs.

Harry S. Minchen v. Charles Gardiner and Others.— Order reversed and motion granted, with ten dollars costs and disbursements, and ten dollars costs of Special Term.

---

## FIRST DEPARTMENT, OCTOBER TERM, 1895.

Robert Ferguson, Respondent, v. Perfection Thermometer and Novelty Company. Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Thomas Simpson, Appellant, v. Abram Kling, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

The American Distributing Company, Appellant, v. Edward W. Ashley, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

The Rochester Lamp Company, Appellant, v. John H. Brigham, Respondent.— Order reversed, with ten dollars costs and disbursements, and defendant ordered to appear for examination. No opinion.

Kate B. West, Appellant, v. J. Adriance Bush and Another, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Adolph Ladenberg and Others, Appellants, v. Commercial Bank of Newfoundland, Defendant; The Merchants' Bank of Canada, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Silas F. Overton, Respondent, v. Annie E. Barclay, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Silas F. Overton, Respondent, v. Emily F. Barclay and Others, Defendants; William H. Hall (Purchaser), Appellant.— Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: The purchaser's objection to taking title is founded on the claim that service of the order, appointing a guardian ad l tem for the defendant, an infant over fourteen years of age, unless within twenty days she should procure one to be appointed, was not made. The order was not personally served upon her because she could not be found, and subsequently the plaintiff caused a petition to be presented to the court, in which it was stated, among other things, that the infant secreted herself to avoid service. Thereupon an order for substituted service was made. And the purchaser argues that the provisions of the order in respect to manner of service were not complied with. That it required two things to be done: "First, that the order appointing the guardian and the order for substituted service should both be left at the residence of the infant with some person of proper age. Second, that copies of both orders be deposited in the post office." It is true that the orders were not deposited in the post office, and if the purchaser is right in his claim that the order required it to be done his position would be well taken. But we do not so read it. The provision for service of the order upon a person of proper age at the residence of the infant was by the order made sufficient. Only in the event of the failure to make such service was the alternative of affixing the orders to the outer door and mailing them provided for. The papers were served at the residence of the infant upon her mother, and thus the order

was complied with. The order should be affirmed, with ten dollars costs and printing disbursements. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Patrick C. O'Rourke, Appellant, v. Margaretha Hanchett, Respondent.— Exceptions overruled and judgment ordered upon verdict, with costs.—

PER CURIAM: Although the record in this case contains no evidence of an absolute promise to pay, yet if it did, it not appearing that such promise was made with full knowledge of the fact that the defendant had not been charged as indorser, it would be insufficient to create a liability. (Myer v. Hibsher, 47 N. Y. 265.) The rule laid down in that case is as follows: "A promise, to work a waiver, must be made with full knowledge of all the facts." The exceptions should be overruled and judgment ordered upon the verdict, with costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

William A. Copp, as Executor, etc., Appellant, v. The Home Insurance Company, Respondent.— Judgment and order affirmed, with costs.—

PER CURIAM: The facts are undisputed, and from them it appears that the dwelling house which the defendant insured was vacant and unoccupied for a period of more than ten days prior to its burning. A clause in the policy of insurance upon which this action is founded provides that in such event the policy shall be void. The complaint was, therefore, properly dismissed. The judgment and order should be affirmed, with costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Mark H. Eisner, Appellant, v. Joseph Stern, as Executor, etc., Respondent, Impleaded, etc. — Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: For the reasons stated in the case of Eisner v. Eisner, herewith handed down (reported ante, p. 480), the order should be affirmed, with ten dollars costs and disbursements. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Oliver M. Arkenburgh, Respondent, v. Robert H. Arkenburgh, Appellant.— Motion to dismiss appeal denied.

John Heerdegen, Respondent, v. Alexander E. Schnee, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

The People of the State of New York ex rel. The Commercial Mutual Insurance Company, Respondent, v. Michael Coleman and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Frederick L. Colwell, Appellant, v. Genevieve R. Colwell, Respondent.— Order modified as directed in opinion, and affirmed as modified, without costs.—

PER CURIAM: The allowance for alimony and costs made by the Special Term we regard as excessive. The order should be modified so as to award to the defendant $50 a month for alimony, $200 for alimony prior to May

89 611
149a 622

89 611
148a 765