[Civil No. 649.   Filed March 15, 1899.]

[56 Pac. 720.]

EDWARD ARHELGER, Administrator of the Estate of Alexander Graydon, deceased, Plaintiff and Appellant, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant and Appellee.

1. APPEAL AND ERROR—NECESSITY FOR WRITTEN OPINION—REV. STATS. ARIZ. 1887, PAR. 948, CONSTRUED—NOT JURISDICTIONAL.—The statute, *supra*, providing that "the opinion in all cases which are reversed and remanded for a new trial shall be in writing," does not apply to a case where the judgment is reversed without being remanded for a new trial. Nor is there anything in the statute, *supra*, which makes the filing of an opinion in any case a jurisdictional prerequisite to the entering of a valid and enforceable judgment.

2. SAME—JUDGMENT—REVERSAL—POWER TO DIRECT TRIAL COURT TO ENTER JUDGMENT—REV. STATS. ARIZ. 1887, PAR. 949, CONSTRUED, AND PARS. 951, 953, CITED.—Paragraph 949, *supra*, providing that when the judgment of the lower court is reversed the supreme court shall proceed to render such judgment as the court below

should have rendered, except when it is necessary that some matter
of fact be ascertained, when the cause shall be remanded for a new
trial, authorizes the practice of directing the trial court to enter
judgment which the appellate court finds should be rendered. This
paragraph is directory, and does not prohibit the practice, and the
provisions of paragraphs 951 and 953, *supra,* indicate that this is
the proper construction.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Gila. F. M.
Doan, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

Peter Robertson, for Appellee.

SLOAN, J.—This cause has for the third time been before
this court on appeal. At the January (1894) term the cause
was reversed, and remanded to the court below for a new
trial. *Mutual Life Ins. Co.* v. *Arhelger,* 4 Ariz. 271, 36 Pac.
895. Upon the second appeal the cause was reversed, and
remanded to the court below with instructions to enter its
judgment in favor of the Mutual Life Insurance Company
of New York, appellee here. No opinion was filed by the court
upon this second appeal. *Mutual Life Ins. Co.* v. *Arhelger,*
5 Ariz. 207. From the judgment entered in accordance with
the mandate of this court, issued under the latter judgment,
appellant has again appealed.

It is contended by appellant that this court has no power to
reverse a cause without rendering a written opinion, or, upon
reversal, to direct the lower court to enter a judgment without
awarding a new trial. Upon the first contention, it is sufficient
to say that paragraph 948 of the Revised Statutes provides
that "the opinion in all cases which are reversed and remanded
for a new trial shall be in writing." So that, even were this
section to be regarded as mandatory and jurisdictional, inas-
much as the judgment of this court on the second appeal re-
versed the cause, without remanding it for new trial, the
statute does not apply. The purpose, doubtless, for requiring
the written opinion in any cause that is reversed and remand-

ed for new trial is that the trial court may be apprised of the rulings of the appellate court and be guided thereby upon the subsequent trial. We may add, however, that we see nothing in the statute which makes the filing of an opinion in any case a jurisdictional prerequisite to the entering of a valid and enforceable judgment.

Upon the second contention, paragraph 949 of the Revised Statutes provides that "when the judgment or decree of the court below shall be reversed the supreme court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damages to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial to the court below." Under this section this court is granted full power to enter its own judgment upon the reversal of the cause, unless a new trial be found necessary or proper in order that material facts affecting the judgment may be determined. Appellate courts have almost uniformly favorably regarded the practice of directing the trial court to enter the judgment which the appellate court finds should be rendered. This practice amounts to nothing more, in effect, than sending a case down for the trial court to enforce and carry out the judgment or decree of the appellate court. We do not regard, therefore, section 949 as prohibiting this practice, nor do we construe it otherwise than as directory. That this is the proper construction is indicated by the provisions of paragraph 951 of the Revised Statutes, which requires the issuance of a mandate on all judgments rendered by this court, and also by paragraph 953, which requires that every judgment of this court shall be certified down to the clerk of the court below to be attached to the judgment-roll, and a minute of which is required to be by said clerk entered on the docket. These provisions of the statute would appear to be without meaning or utility if the judgment of this court may not be enforced and carried out by the process of the trial court. We think this court had ample power to enter the judgment it did on the second appeal, and to direct the trial court to enter judgment in accordance with the order of this court. The judgment is therefore affirmed.

Street, C. J., and Davis, J., concur.