THE STATE v. JONES, *Appellant.*

1.  **Practice :** BILLS OF EXCEPTIONS. Bills of exceptions are procured in the same way in criminal as in civil cases.

2.  —— : —— : BYSTANDERS. An attorney in a cause is not a "bystander" within the meaning of Revised Statutes, 1889, section 2170, allowing three bystanders who are respectable inhabitants of the state to sign a bill of exceptions, where the judge refuses to sign it.

3.  —— : ——. Where the affidavits allowed by statute to be filed as to the truth of statements contained in a bill of exceptions signed by bystanders ( R. S. 1889, sec. 2173 ) are in direct conflict, the certificate of the trial judge that such statements are incorrect will prevail, and they will be held to have not been properly preserved.

VOL. 102—20

*Appeal from Dallas Circuit Court.*—W. P. PORTER, ESQ., Special Judge.

AFFIRMED.

John S. Haymes and Thomas M. Brown for appellant.

John M. Wood, Attorney General, for the State.

(1) Tried by the affidavits filed, there is a clear preponderance of the evidence against the bill of exceptions, and it cannot be considered as part of the record. *State v. Hronek*, 95 Mo. 79. (2) The bill is not signed by "three bystanders." John S. Haymes, one of the three persons who signed the bill, was not a "bystander," but was one of defendant's attorneys, as appears from his affidavit. There is, therefore, nothing before this court for consideration except the record proper, and on that the judgment should be affirmed.

SHERWOOD, J.—The defendant, indicted for seducing and debauching Alfonza Snipes, was tried before a special judge, convicted, and his punishment assessed at imprisonment in the penitentiary for the term of three years. From the judgment and sentence in this case, he appeals to this court.

At the threshold of the merits of this cause, objection is made that the bill of exceptions is not signed by the trial judge, who refused to sign the same, giving his reasons therefor, in compliance with the statute, that the bill was untrue in certain particulars, etc. Bills of exceptions are procured in the same way, whether the cause be civil or criminal. R. S. 1889, secs. 4221, 2168, 2169, *et seq.*

Where the judge refuses to sign the bill, then it may be signed by three bystanders, respectable inhabitants of the state. Sec. 2170. When the judge refuses

to permit any bill signed by others than himself, as in the above section is provided, then either party to the suit may take affidavits in relation to the truth of the bill, "not exceeding *five* in number." The affidavits taken on behalf of the defendant are *seven* in number; that is, three persons make one affidavit, and *four* others make single affidavits, making five affidavits in all, but made by *seven* affiants. The statute does not intend that more than one person shall make an affidavit, at least that several persons shall not so join in making the affidavits, as to allow more than *five* affiants to verify the truth or falsity of the offered bill. For instance, the statute does not contemplate that there shall be *five* affidavits, each signed and made by *one hundred* affiants; and, were it not for considerations to be presently mentioned, it might be very difficult in this case to tell *just which* of the affidavits made in support of the bill should be received. But there is no necessity for ruling on this point, for these reasons:

I.   A "bystander" is "one who stands near; *one who has no concern with the business transacting.*" Webster's Dict.   But one of those who signed the bill in question was John S. Haymes, one of the defendant's attorneys.   It is the primary rule for the construction of all statutes of this state that " words and phrases shall be taken in their plain or ordinary and usual sense." R. S. 1889, sec. 6570.   This statutory rule is but a declaration of the general rule on the subject.   The object of the statute in requiring the refused bill to be signed by three bystanders, respectable inhabitants, etc., was, doubtless, to obtain to such a bill the signatures of *disinterested spectators*, and not those whose interests are at war with such an attitude of indifference. Adopting the recognized and usual meaning of the word " bystanders," it must be ruled that the bill in the case at bar was not signed as required by law, and, therefore, cannot be considered.

II.   But could this obstacle be overcome, the result must be the same.   The main dispute here is on the point whether the notes of Alfonza Snipes' testimony, taken at the preliminary trial, were read in evidence by Smith, or whether he simply used the notes to refresh his memory when testifying.   In this particular the affidavits *pro* and *con.* are in direct and irreconcilable conflict.   In this unfortunate attitude of matters, some reliance should be placed on the certificate of the special judge, which has evidently been prepared with care. Giving to this certificate those favorable presumptions which always attend the acts of those acting in a judicial capacity, we shall rule that the bill of exceptions was not correct in its statements, and, therefore, cannot be regarded as preserving the matters purporting to be therein contained.   This being the case, and the record proper disclosing no error, we affirm the judgment.   All concur.

### SEPARATE OPINION.

BARCLAY, J.—By concurring in the foregoing opinion it is not intended by me to imply any approval of the practice of bystanders making a bill of exceptions, for the circuit court, to become part of the record on appeal in any case, in view of the language of our fundamental law which vests the judicial power of the state in the courts, except as in the constitution itself otherwise provided.   Const. 1875, art. 6, sec. 1, and art. 3.

As the conclusion announced on the present appeal discards the bystanders' so-called bill, it is unnecessary at this time to say more on this point.