FRED B. PARSONS, Appellant, v. JOHN L. CLARK
& CO., Respondent.

**St. Louis Court of Appeals, January 21, 1903.**

1. **Motion in Arrest of Judgment: RECORD: REVIEW: PRAC-
TICE, TRIAL: PRACTICE, APPELLATE.** The overruling of a
motion in arrest of judgment, to which action of the court an ex-
ception was duly saved, only brings up for review the record proper.

2. **Motion for New Trial: PRACTICE, TRIAL: PRACTICE, APPEL-
LATE.** Where no exception is saved to the court's action on the
motion for a new trial, the appellate court will not consider the
exceptions that were saved during the trial of the case.

Appeal from Knox Circuit Court.—*Hon. Edwin R. Mc-
Kee,* Judge.

AFFIRMED.

*O. D. Jones* and *D. A. Rouner* for appellant.

(1) · Plaintiff's motion for judgment on the plead-
ings on the first count, for the balance due on the note,
ought to have been sustained. The answer does not
state facts to constitute any defense to the action on the
note. It is first charged the contract of sale was fraud-
ulently obtained. On this trial that question is imma-
terial; defendants do not ask to rescind; they are in no
position to do it. That the contract was fraudulently
procured could be relevant only in a state of case, in
which the court might if proper set it aside. Neither
party asks it to be done here. Plaintiff asks judgment
on the note, defendants affirm the sale and the validity
of the note at least in part, and set up partial failure
of consideration. A party defrauded has one or the
other of two remedies in such case: (a) rescind in rea-
sonable time and put the other party *in statu quo;* (b)

affirm the sale, perform its obligations and sue for the damages caused by the fraud and deceit. Jarret v. Morton, 44 Mo. 275; Parker v. Marquis, 64 Mo. 38; Finlay v. Bryson, 84 Mo. 664; Nauman v. Oberley, 90 Mo. 666. "Expressions of opinion, commendation of the subject of the contract, statements as to productiveness and value are no grounds for setting a sale aside although they are shown to be false." Bank v. Hunt, 76 Mo. 439; Stephens v. Rainwater, 4 Mo. App. 292. "A mere false assertion of value where no warranty is intended, is no ground for relief." Anderson v. McPike, 86 Mo. 293; Cornwall v. Real Estate Co., 150 Mo. 377. Much less is it grounds for action for fraud and deceit. Sachleben v. Heintz, 117 Mo. 520. (2) It was error to overrule plaintiff's objections to defendant's evidence to sustain the affirmative defense of fraud. Misrepresentations to be ground for action for fraud must be, neither matters of opinion, nor relate to the future, as predictions of productiveness, or of the nature of promises. Livermore v. Town Land Co., 20 Ky. L. Rep. 704; White v. Ewing, 37 U. S. App. 365; Florence v. Pattillo, 105 Ga. 577; Brady v. Cole, 164 Ills. 116; Davis v. Campbell, 93 Iowa 524; Ryan v. Town Lands Co., 21 Ky. L. Rep. 193.

*Chas. D. Stewart, George Balthrope* and *Ellison & Campbell* for respondents.

(1) It seems to us that the pleadings and statement of facts not in dispute are conclusive of the case. Plaintiff pleads his equitable mortgage, by which he is bound, whether it be one or not, and asks that it be foreclosed. It was offered and read in evidence. He also pleads that he was put into possession of the chattels under it. He also pleads that the debt was overdue which made him the absolute owner of the goods twelve months after January 12, 1898, to-wit, January 12, 1899, and in his evidence admits he remained in store till

March 3, 1899. Therefore, there was no vendible interest of the Clark's in March, 1899, either on execution or attachment and especially in favor of the mortgagee in possession whether a legal or equitable mortgage. It is against the policy of the law, and invites sacrifices. Yeddell & Barnes v. Stemmons, 15 Mo. 309. (2) It will be borne in mind by the court that the petition on the note and for a foreclosure of his mortgage and for a receiver, was filed on March 2, 1899 and the attachment in aid was sworn out March 3, 1899. Having elected to proceed under his mortgage by a bill in equity to foreclose it, can he afterwards attach the same goods? Having made his election he is bound by it. In all cases like this the court will inspect the petition, and if that document is at variance with the affidavit, the court will quash the attachment. You will not be permitted to sue upon a note which upon its face shows a credit of one year was given and then procure an attachment upon the grounds it was a cash sale. Aultman & Co. v. Daggs, 50 Mo. App. 280; Deering & Co. v. Collins, 38 Mo. App. 86; Finly v. Bryson, 84 Mo. 664.

GOODE, J.—The petition contains two counts, the first being on a promissory note given to plaintiff by the defendants in consideration of a stock of general merchandise they bought of him; the second set out the contract between the parties for the sale and purchase of said stock, which was alleged to constitute an equitable lien or mortgage on the merchandise for the security of the promissory note aforesaid and prayed that it be enforced and foreclosed and that a receiver of the goods be appointed pending the action.

A writ of attachment was sued out by virtue of which the property was seized and sold by the sheriff.

Defendants filed a plea in abatement and the trial of the issues joined on the averments of the affidavit for the writ of attachment, resulted in a verdict in their favor pursuant to a peremptory instruction given by the

court, and properly given; because there was no sub-
stantial evidence tending to sustain the grounds of at-
tachment laid in the affidavit.

The answer to the petition alleged the defendants
were defrauded in the sale by the false representations
of the plaintiff as to the value of the merchandise, his
failure to inventory the goods at their actual cash value
as he had agreed to do, and instead thereof, his in-
ventorying them at prices from forty to fifty per cent
more. By reason of the alleged fraud it was further
averred the sum already paid plaintiff at the time the
suit was begun on the note given for the purchase money
had fully paid him for the true worth of the goods and
hence had satisfied the defendants' indebtedness to
him. Numerous exceptions were saved by the appel-
lant to rulings on the admission of evidence and on the
instructions which we find it impossible to review on
account of the state of the record. It appears by the
record *dehors* the bill of exceptions, that the motion for
new trial was overruled; but the bill itself is silent as to
that matter and contains no exception to the overruling
of said motion. It states that in four days after the
verdict was returned, plaintiff filed his motion for a
new trial, which is thereupon set out in full. At the
conclusion of it, appears a recital that in four days after
verdict plaintiff filed a motion in arrest of judgment
which is likewise fully quoted. Then follows this state-
ment: "And said *motion* coming on for hearing and
being seen and understood was by the court overruled,
to which ruling plaintiff at the time excepted and saves
now his exceptions." The exception thus saved must
necessarily be held to refer to the ruling immediately
preceding it, to-wit, the overruling of the motion in ar-
rest; which only brings up for review the record proper,
in which we detect no error. White v. Caldwell, 17 Mo.
App. 691; Hubbard v. Quisenberry, 32 Mo. App. 459.
As there was no exception saved to the court's action
on the motion for a new trial, we can not consider the

exceptions that were saved during the trial. Ross v. Railway Co., 141 Mo. 390; Hoffman v. Trust Co., 151 Mo. 520.

The judgment is, therefore, affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.