## W. T. MURPHY, Respondent, v. LORWOOD COOPERAGE COMPANY, Appellant. .

St. Louis Court of Appeals.   Submitted on Briefs October 9, 1912.
Opinion Filed November 12, 1912.

1. PLEADING: "Answer" to Reply.  An "answer" to a reply is unknown under the Code; Sec. 1811, R. S. 1909, providing that the reply shall be the last pleading in a cause.

2. BILLS OF EXCEPTIONS:  Verity:  Not Impeachable by Affidavits.  Where the trial judge refused to sign a bill of exceptions tendered to him, on the ground that it incorrectly recited that an exception was saved to the order overruling the motion for a new trial, and the bill, as signed by him and filed of record, contained no such exception, an affidavit made by counsel for the party who filed the bill, which was not filed with the trial court but was merely inserted in the abstract of the record filed by him in the appellate court, that he had duly saved such exception, did not have the effect of correcting the bill or supplying such exception; Secs. 2030, 2031 and 2034, R. S. 1909 providing the only mode of bringing a bill of exceptions before an appellate court where the trial judge refuses to sign it on the ground it is not a true bill.

3. ————: ————: ————.  Affidavits contradicting a bill of exceptions which has been regularly signed and filed cannot be regarded.

4. APPELLATE PRACTICE: Review of Matters of Exception: Prerequisites.  Unless an exception to the order overruling the motion for a new trial appears in the bill of exceptions, all inquiry into the proceedings at the trial is closed to the appellate court, and only the record proper is open to review.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Brown & Gallivan* for appellant.

(1) The affidavit showing appellant's inability to get bill of exceptions signed and that exceptions were made to action of the court in overruling motion for new trial is sufficient to warrant the court in trying the whole case.  State v. Feely, 194 Mo. 315.

*Brewer & Riley* for respondent.

(1) The bill of exceptions in this case is not for review before this court for the reason that it fails to show that appellant excepted to the action of the court in overruling the motion for. a new trial. Danforth v. Railroad, 123 Mo. 196; R. S. 1909, Sec. 2028; Wilbrandt v. Gas Light Co., 135 Mo. App. 220; Perry v. Stephens, 159 Mo. App. 690. (2) The affidavit of T. J. Brown does not authorize this court to review the matters and things set out in the bill of exceptions, for affidavits are authorized only after the court refuses to permit the filing of the bill signed by bystanders. Sec. 2034, 2035, 2036, 2037, R. S. 1909; State ex rel. Winsor v. Taylor, 134 Mo. App. 430; McKinney v. Lumber Co., 131 Mo. App. 425.

REYNOLDS, P. J.—This action, brought in the circuit court of New Madrid county, seeks the recovery of a balance claimed to be due from defendant to plaintiff on the sale of certain timber then standing on lands in that county, to be cut into logs by plaintiff and the logs to be delivered at a price designated f. o. b. cars at a railroad switch in the county, it being charged that the amount was due when the logs were loaded by plaintiff on the cars at that place. It is averred that plaintiff cut and hauled a designated number of feet of the timber as described into logs, and loaded the logs on cars as required; that defendant received and paid for one of the carloads of logs but refused to receive or pay for the other two cars and notified plaintiff that no more of the timber would be received by it. Claiming a balance due, plaintiff demands judgment for that, with interest and costs.

The answer was, first, a general denial; then a denial of the incorporation of the plaintiff company, the answer duly verified. The reply took issue on this and also pleaded that at the time of the agreement

mentioned in the petition, a person named represented to plaintiff that defendant was then an organized corporation; but that it was afterwards organized and had then ratified the contract made in its name. Defendant moved to strike out this reply on the ground that it was a departure. That motion being overruled, defendant filed what its counsel call "an answer to the replication."

The jury returned a verdict in favor of plaintiff. Defendant in due time filed its motion for a new trial. That was overruled, but so far as shown by the abstract of the bill of exceptions and, as admitted by counsel, so far as appears by the bill of exceptions which was filed, no exception was saved to the action of the court in overruling the motion for a new trial. Plaintiff in due time filed a motion in arrest of judgment. That was overruled and exception saved to the overruling of that motion. Defendant thereupon duly perfected appeal to this court.

It is hardly necessary to refer to the pleadings or attempted pleadings, following the reply. Our code specifically provides that the reply is the last pleading in a cause, that, of course, subject to a motion to strike it out or to a demurrer, as to any other pleading. An answer to a reply is unknown under our code.

Counsel attempt to cure the omission from the bill of exceptions of any exception to the action of the trial court in overruling the motion for a new trial by an affidavit made by one of those counsel, to the effect that he assisted in conducting the trial, that he prepared and filed the motion for new trial, presented it to the court, was there when the court overruled it and excepted to the action of the court in overruling the motion; that he prepared the bill of exceptions in the cause and presented the same to the attorney for respondent for approval; that that attorney refused to approve it for the reason that the record made by the clerk did not show that the appellant excepted to the

action of the court in overruling the motion for new
trial; that he presented the bill of exceptions to the
judge of the circuit court for his signature and that
that judge refused to sign the bill of exceptions con-
taining an exception of appellant to the action of the
court in overruling the motion for new trial, because
the record did not show any exception to his action
in overruling the motion, and that the attorneys for
respondent still refused to approve the bill of excep-
tions, compelling "appellant to file said bill of excep-
tions without their exception to the action of the court
in overruling said motion for new trial therein
noted."

It is thus distinctly admitted in this affidavit of
counsel that the bill of exceptions does not show any
exception to the action of the court in overruling the
motion for new trial, and that the trial court refused
to sign any bill of exceptions containing any state-
ment that exception had been saved to the action of
the court on the motion, but did sign what the court
has certified to be a correct bill of exceptions and
which counsel for appellant themselves filed as the
bill of exceptions in this case. This affidavit of coun-
sel appears printed in the abstract, there following
the certificate of the clerk of the circuit court to the
transcript. How it came into the abstract does not
appear. It nowhere appears that it was filed in the
circuit court, or for that matter that it was ever filed
with any court, unless incorporating it at the end of
the abstract may be considered as filing it with us.

In support of this mode of attack upon the bill
of exceptions, counsel rely upon State v. Feeley, 194
Mo. 300, l. c. 315, 92 S. W. 663. In that case it is said
at that page, "Matters of exception which occur in
the presence of the court cannot be shown by affidavits,
unless the court refuses to sign the bill when pre-
sented to him upon the ground that the matters therein
stated, or some of them, are not true," citing several

cases. This is very far from sustaining the contention of counsel, that a bill of exceptions can be amended as here attempted. The affidavits referred to by the court in the Feeley case and cases there cited as being necessary are undoubtedly affidavits required to be filed in the trial court when the judge refuses to permit a bill of exceptions signed by bystanders to be filed. [Sec. 2034, R. S. 1909.] If the trial judge refuses to sign a bill of exceptions on the ground that it is not a true bill, sections 2030, 2031, 2034, Revised Statutes 1909, provide the mode and the only mode for meeting the situation and bringing the bill before the appellate court. One is, by preparing and filing a bill of exceptions to be signed by three bystanders, "reputable inhabitants of the State." The other is, if the judge refuses to permit the bill so signed to be filed, then the truth of that bill is tested by affidavits, not exceeding five; the bystanders or affiants to be disinterested spectators and not the parties in interest or their attorneys. [State v. Jones, 102 Mo. 305, 14 S. W. 946, 15 S. W. 556.] Nor can affidavits in contradiction of a bill of exceptions which has been regularly signed and filed be regarded. [State v. DeMosse, 98 Mo. 340, 11 S. W. 731.] It is true these two cited cases are criminal causes, but as said in State v. Jones, supra, "bills of exceptions are procured in the same way, whether the cause be civil or criminal." No such course was here followed, so that we can do no less than accept the bill of exceptions which was filed as correct, and to hold that exception was not saved to the action of the trial court in overruling the motion for a new trial.

The Supreme Court, in very many cases and from an early day, has uniformly held that unless that exception appears of record, all inquiry into the proceedings at the trial is closed to the appellate court. [See Parsons v. Clark & Co., 98 Mo. App. 28, 77 S. W. 582, and cases there cited.] Bound by the deci-

sions of the Supreme Court there cited, by express
mandate of the Constitution, we are compelled to hold
that by reason of this purely technical defect in the
record all consideration of this case on its merits is
closed to us. All that is open to our examination and
review is the record proper. Finding no error in that,
we must and do affirm the judgment of the circuit
court. *Nortoni* and *Caulfield, JJ.,* concur.