## LUCINDA HICKS, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, December 30, 1916.

1. **LIFE INSURANCE: Failure to Attach Application to Policy: Effect.** Where the application for a life insurance policy is not attached to the policy, nor the substance thereof endorsed thereon, conformably to Sec. 6978, R. S. 1909, a defense predicated upon alleged misrepresentations made by insured in the application is not available to insurer, in an action on the policy.

2. ————: Policy Provisions: State of Health of Insured at Issuance of Policy: Statute. A provision in a life insurance policy, that no obligation is assumed by insurer, unless, on the day of the issuance of the policy, insured was in sound health, is governed by Sec. 6937, R. S. 1909, so that such provision is unavailing to defeat the insurance, unless it appear that, at the time of the issuance or delivery of the policy, insured was afflicted with the disease which caused, or contributed to cause, his death, and whether or not such was the fact is a question for the jury, unless it be foreclosed by an admission of the plaintiff, which is wholly unexplained or unrepelled by any other evidence.

3. ————: ————: ————: Question for Jury. In an action on a life insurance policy, insurer defended on the theory that insured died from a malady with which she was afflicted at the time the policy was issued, and that, inasmuch as the policy provided that no obligation was assumed by insurer, unless, at the time of the issuance of the policy, insured was in sound health, the policy never became effective. The certificate of the physician who attended insured during her last illness, filed by the beneficiary as a part of the proofs of death, stated that insured had been suffering from the disease which caused her death, for several years prior to the date upon which the policy was issued. A sworn statement of the beneficiary, also filed as part of the proofs of death, alleged that the

duration of the last illness was about two months. The report of insurer's medical examiner showed that he found insured to be in good health and that he recommended her as a first class risk. Testimony was also adduced tending to show that insured appeared to be in good health at the time the policy was issued. *Held*, under the evidence, that the defense was not conclusively established, and hence, under Sec. 6937, the question was for the jury.

4. **WITNESSES: Privileged Communication: Waiver.** Where a physician was placed on the stand by defendant, and, after its counsel had asked him a few preliminary questions, plaintiff's counsel interposed a general objection and then obtained permission to question him and propounded to him certain questions, plaintiff did not thereby waive the privilege granted by Sec. 6362, R. S. 1909, since her counsel sought merely to lay a foundation for his objection to the competency of the witness, later more fully made.

5. **LIFE INSURANCE: Witnesses: Privileged Communication: Waiver.** The beneficiary of a life insurance policy is bound by a distinct provision in the policy whereby insured expressly waives the benefits of all laws disqualifying a physician from testifying concerning any information obtained by him in a professional capacity and expresses the intention to have such waiver apply to any person who may have any interest in or claim under the policy.

6. ————: ————: ————: ————. The beneficiary of a life insurance policy does not waive her privilege to claim the incompetency of decedent's physician as a witness, under Sec. 6362, R. S. 1909, by filing the certificate of such physician as a part of the proofs of death, pursuant to a clause in the policy providing that proofs of death shall be made on blanks furnished by the company and shall contain answers to each question propounded to the claimant, physician and other persons, and that all the contents of such proofs shall be evidence of the facts stated in behalf of, but not against, insurer.

7. ————: **Evidence: Admissibility of Physician's Certificate.** A certificate of insured's physician, constituting part of the proofs of death, is admissible, in an action against the insurer, on the ground that the answers therein contained constitute admissions on the beneficiary's part, subject, however, to contradiction or explanation.

8. ————: **Penalty for Vexatious Refusal to Pay: Sufficiency of Evidence.** In an action on a life insurance policy, *held* that the evidence was sufficient to support an inference that insurer's delay was unwarranted and vexatious, within the meaning of Sec. 7068, R. S. 1909, so that an allowance of ten per cent. damages and an award of an attorney's fee were warranted.

9. **APPELLATE PRACTICE: Bill of Exceptions: Verity.** A bill of exceptions imports verity as it stands, and can alone be looked

to by the appellate court concerning matters of exception, so that an assignment of error predicated upon a ruling, to which it is claimed an exception was duly sayed, but which exception does not appear in the bill of exceptions, is not open for consideration by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* and *W. R. Mayne* for appellant.

(1) The evidence in the case, coming directly or indirectly from the plaintiff herself and remaining uncontradicted and unexplained, conclusively establishes the fact that on the date of the policy and at the time of the application therefor, and for approximately eight years prior thereto, the insured was afflicted with a stricture of the rectum, also called tuberculosis of the rectum, and that said disease caused her subsequent death. Therefore, the demurrer to the evidence, at the end of the case, should have been sustained, and a verdict directed for defendant. (a) Proofs of death, furnished by the beneficiary to the insurance company, are prima-facie evidence of the facts therein stated, and are conclusive unless other facts are brought forward to explain them. Stephens v. Metropolitan Life Insurance Co., 190 Mo. App. 673 to 680 (St. L. 1915); Castens v. Supreme Lodge Knights and Ladies of Honor, 190 Mo. App. 57; Insurance Co. v. Newton, 89 U. S. 32, 22 Wallace 32; 3 Elliott on Evidence, sec. 3327; Hassencamp v. Life Insurance Co., 120 Fed. 475. (b) Since the insured was not in sound health at the date of the policy, and the disease with which she was then afflicted contributed to cause her death, there could be no recovery. R. S. 1909, sec. 6937; Stephens v. Metropolitan Life Insurance Co., 190 Mo. App. 673 to 679. (2) (a) The testimony of Dr. Vincent J. Mueller, offered by the defendant, was proper and competent and very material, and its exclusion was pre-

judicial error, because any privilege affecting disclosures made to him by the insured was waived so far as they were connected with statements contained in the certificate of this physician furnished to the insurance company by the plaintiff, and in the certificate filed with the Bureau of Vital Statistics of the State of Missouri. Bolton v. Inter Ocean Life and Casualty Co., 187 Mo. App. 180; Western Travelers' Accident Association v. Munsion, 73 Neb. 867, 1 L. R. A. (N. S.) 1068; 4 Wigmore on Evidence, secs. 2388-2390. (b) Moreover, whatever privilege might have been available to plaintiff in this regard, was waived by her counsel's examination of the physician as to the dates when he treated insured professionally. Having elicited such testimony as was thought to be in her favor, plaintiff, could not set up the bar of professional privilege as to testimony which would be prejudicial to her claim. Epstein v. Railroad, 250 Mo. 26. (3) Far from showing that the refusal of defendant to pay the claim for this insurance was willful and without reasonable cause as the facts would have appeared to a reasonable and prudent man before the trial, the evidence and circumstances of this case, taken as a whole, establish on the contrary that claimant herself by her proofs of death furnished the ample reason for defendant's refusal. Under such circumstances, the jury should not have been allowed to award a penalty and attorneys' fees to plaintiff, as for vexatious refusal to pay. Weston v. Amer. Ins. Co., 191 Mo. App. 287; Patterson v. Amer. Ins. Co., 174 Mo. App. 44; Keller v. Insurance Co., 198 Mo. 460; Blackwell v. Insurance Co., 80 Mo. App. 78. (4) The action of the court in striking out from two instructions offered by defendant the clause, "regardless of whether or not said insured, Sadie Griffin, knew that said representations were not true in the respect aforesaid, if you find from the evidence that said representations were not true," was error, because a material representation of fact contributing to the maturity of the policy is fatal to any claim under the policy, whether such misrepresentation be made fraudu-

lently or not. Burns v. Metropolitan Life Ins. Co., 141 Mo. App. 216. (5) The remarks of counsel for plaintiff in his argument to the jury, objected to by defendant, were so highly improper and inflammatory that counsel himself subsequently could not believe that he had been guilty of them. The action of the court in overruling defendant's objections thereto and in failing to rebuke counsel as requested was manifestly highly prejudicial to defendant's right to a fair trial, and to it may properly be ascribed the return of a verdict by the jury, so contrary to the clear weight of the evidence. Fathman v. Tumulty, 34 Mo. App. 241; Blyston-Spencer v. United Rys. Co., 152 Mo. App. 142; Bishop v. Hunt, 24 Mo. App. 377; Ensor v. Smith, 57 Mo. App. 596; Smith v. Western Union Tel. Co., 55 Mo. App. 626; Norton v. St. Louis & Hannibal Ry. Co., 40 Mo. App. 649.

*James J. O'Donohoe* for respondent.

(1) (a) The policy stipulates: "This policy contains the entire agreement between the company and the insured and the holder and owner hereof." Therefore, the application is no part of the policy. Besides, too, it forms no part of the policy for the further reason that it is neither attached to nor indorsed on the policy. Sec. 6978, R. S. 1909; Schuler v. Ins. Co., 191 Mo. App. 52; Coscarella v. Ins. Co., 175 Mo. App. 130. The policy provided that no obligation was assumed by defendant unless on the date of the policy the insured was in "sound health." It further provided that the policy was void if the insured had been attended by a physician for any serious disease or complaint; or has had before the date of the policy any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys. These stipulations cannot serve as a foundation for the defense of misrepresentation, because they directly conflict with sections 6937 and 6940, R. S. 1909. Dodt v. Insurance Co., 186 Mo. App. 168; Ins. Co. v. Stiewing, 173 Mo. App. 108; Harms v. Casualty Co., 172 Mo. App. 241; Welsh v. Insurance Co.,

165 Mo. App. 233; Burns v. Insurance Co., 141 Mo. App. 212; Burridge v. Insurance Co., 211 Mo. 158; Karnes v. Insurance Co., 144 Mo. 413; Williams v. Insurnce Co., 73 Mo. App. 612; Keller v. Insurance Co., 58 Mo. App. 557; Price v. Insurance Co., 48 Mo. App. 281. (b) When the application is attached to the policy or indorsed thereon, or when the policy conforms to secs. 6937 and 6940, R. S. 1909, then, under proper pleadings and sufficient proof, the insurer is entitled to have the question of material misrepresentations submitted to the jury, but not otherwise. Bruck v. Insurance Co., 185 S. W. 753; Schuler v. Insurance Co., 191 Mo. App. 52; Clarkson v. Insurance Co., 190 Mo. App. 624; Buchholz v. Insurance Co., 177 Mo. App. 683; Roedel v. Insurance Co., 176 Mo. App. 584; Coscarella v. Insurance Co., 175 Mo. App. 130; Conner v. Association, 171 Mo. App. 364; Lynch v. Insurance Co., 150 Mo. App. 461; Salts v. Insurance Co., 140 Mo. App. 142; Williams v. Insurance Co., 189 Mo. 70; Keller v. Insurance Co., 198 Mo. 440; Jenkins v. Insurance Co., 171 Mo. 375; Kern v. Legion of Honor, 167 Mo. 471; Schuermann v. Insurance Co., 165 Mo. 641; Ashford v. Insurance Co., 98 Mo. App. 505. (c) The insurer is not entitled to a directed verdict or an outright reversal, for proof of issuance of the policy and death of the insured establishes a prima-facie case entitling the plaintiff to have the jury determine the credibility of the testimony, even though the plaintiff introduces nothing contradicting that offered by defendant. Keily v. K. of F. M., 179 Mo. App. 608; Winn v. M. W. of A., 157 Mo. App. 1; Buchholz v. Insurance Co., 177 Mo. App. 690; Warren v. Insurance Co., 182 S. W. 96. (2) While Dr. Vincent J. Mueller was allowed to testify freely and fully concerning the illness of Sadie Griffin, his patient, yet his evidence, as well as the records of the Bureau of Vital Statistics and those of the National Life and Accident Insurance Company, were highly incompetent. Smart v. Kansas City, 208 Mo. 162. (3) The facts and circumstances warranted the allowance of an attorney's

fee, and the amount is reasonable under the decided cases now almost too numerous for citation. Kellogg v. Insurance Co., 133 Mo. App. 391; Cox v. Insurance Co., 154 Mo. App. 464; Buchholz v. Insurance Co., 177 Mo. App. 683; Coscarella v. Insurance Co., 175 Mo. App. 130; Stix v. Indemnity Co., 175 Mo. App. 171; Martin v. Insurance Co., 190 Mo. App. 703; Williams v. Insurance Co., 189 Mo. 70; Barber v. Insurance Co., 187 S. W. 867. (4) The defendant's instructions as requested enlarged on the misrepresentation statute and, without the court's modification, were erroneous. Sec. 6937, R. S. 1909. Furthermore, the defendant was not entitled to have the defense of misrepresentations submitted to the jury, and hence the court could not have committed error in modifying or refusing its instruction. Authorities under point I; Summers v. Insurance Co., 90 Mo. App. 691; Christian v. Insurance Co., 143 Mo. 460. (5) There is no merit in the assignment of error founded on alleged remarks of counsel for plaintiff, for reasons, among which, are: (a) The question is one for the sound discretion of the trial court. Huckshold v. Railroad, 90 Mo. 559; Obuchon v. Boyd, 92 Mo. App. 421; Brinkman v. Gottenstroeter, 153 Mo. App. 355. (b) When no exceptions are taken at the time they are deemed waived. Gidionsen v. Railroad, 129 Mo. 405; State v. Gartrell, 171 Mo. 512; Nichols & Shepard Co. v. Metzger, 43 Mo. App. 619; Meyers v. Casualty Co., 123 Mo. App. 682; Lynch v. Insurance Co., 150 Mo. App. 473. (c) Exceptions must include failure of the trial court to rebuke counsel. State v. Chenault, 212 Mo. 137; Eppstein v. Railroad, 197 Mo. 739. The court properly struck from the bill of exceptions the alleged exception to the failure of the court to reprove counsel because untrue. State ex rel. v. Wickham, 5 Mo. App. 301. Alterations made in a bill of exceptions by the trial judge before signature, though they be not in accord with the notes of the proceedings taken by the stenographic reporter, are conclusive upon the parties; if these alterations are

not warranted by the facts (they are warranted here), the only remedy is that prescribed by the statute. Revised Statutes, secs. 2170, 2173 and 2174. The corresponding sections in the Revision of 1909 are secs. 2031, 2034 and 2035. (d) Exceptions made for the first time in a motion for a new trial, of course, come too late; and, moreover, "a motion for a new trial does not prove itself." Merriman v. Springfield, 142 Mo. App. 510. (e) It cannot be clearly determined from the garbled account whether or not the alleged remarks of counsel are proper or improper. Then, too, the address of opposing counsel should be given in full, since the alleged observations may be retaliatory only and hence proper. State v. Hayland, 144 Mo. 302; State v. Summers, 143 Mo. 220. (f) Where, as here, the judgment is for the right party, remarks of counsel are immaterial. Sackewitz v. Am. Biscuit Co., 78 Mo. App. 157; Mason v. Mining Co., 82 Mo. App. 371.

ALLEN, J.—This is an action originating before a justice of the peace, on a policy of insurance issued on November 11, 1912, insuring the life of one Sadie Griffin in favor of plaintiff, the mother of the insured, named as beneficiary therein. The insured died on September 24, 1913; and shortly thereafter plaintiff duly furnished defendant with proofs of death and demanded payment of the amount of the policy, but defendant refused to pay the same. Plaintiff prevailed before the justice of the peace and on defendant's appeal to the circuit court, and a trial there *de novo* before the court and a jury, there was a verdict and judgment for plaintiff in the sum of $279.70, being the amount of insurance provided for by the policy with interest thereon, together with ten per cent. damages and an attorney's fee of $100 as for vexatious refusal to pay. From this judgment defendant has brought the case here by appeal.

Plaintiff, to sustain the issues on her part, introduced the policy sued upon, showed that the premiums

had been duly paid thereon, made proof of the death of the insured on September 24, 1913, and of the demand made upon defendant company and its refusal to pay. Testimony was also adduced in plaintiff's behalf respecting the value of the services of plaintiff's attorney in the action.

The defendant filed no answer, but sought to show that the insured procured the issuance of the policy by material misrepresentations respecting her health at and prior to the issuance thereof, and that no obligation was assumed by defendant under the policy, according to its terms, for the reason that the insured was not in sound health at the date of its issuance and delivery. Over plaintiff's objections, defendant introduced the proofs of death, consisting of a sworn statement of plaintiff together with a certificate of one Dr. Mueller, the physician who attended the insured in her last illness; both of these being on blanks furnished by the defendant company and consisting of answers made to questions propounded by defendant. And likewise over plaintiff's objections, the defendant introduced a certified copy of the certificate of death filed with the State Board of Health under the provisions of section 6684, Revised Statutes, 1909, and also the written application signed by the insured when she made application for the policy. Defendant then called Dr. Mueller as a witness in its behalf, and sought to elicit from him testimony respecting the condition of the insured's health at or prior to the issuance of the policy. It appears that his knowledge on the subject had been acquired in his professional capacity as the insured's physician, and, upon objection of plaintiff's counsel on this ground, his testimony was excluded.

Defendant tendered into court the amount of the premiums which had been paid to it upon the policy.

In rebuttal plaintiff adduced testimony tending to show that the insured appeared to be in good health at the time of the issuance of the policy. Plaintiff then called as a witness defendant's medical examiner

who examined plaintiff at the time of her application for the insurance and reported thereon to defendant; and plaintiff put in evidence the written report of the examination signed by the witness.

I. Appellant assigns as error the action of the trial court in overruling its demurrer to the evidence. Appellant's contention in this regard proceeds upon the theory that the evidence conclusively establishes that on the date of the policy and at the time of the application therefor, the insured was afflicted with the disease which it is said resulted in her death, to-wit, a stricture of the rectum or tuberculosis of the rectum.

As to this it should be stated at the outset that the defense predicated upon alleged misrepresentations made by the insured in obtaining the policy of insurance, consisting of alleged false answers in the written application therefor, was not available to defendant under the circumstances of the case, and that the trial court should have excluded this application upon plaintiff's objection thereto. This is for the reason that the record discloses that neither the application nor the substance thereof was attached to or indorsed upon the policy as required by section 6978, Revised Statutes 1909. By failing to comply with the statute, the defendant lost the right to avail itself of the application as a means for invalidating the policy. This we have but recently held in Schuler v. Metropolitan Life Ins. Co., 191 Mo. App. 52, 176 S. W. 274, where, in an opinion by REYNOLDS, P. J., the question is fully considered and the authorities cited and discussed.

But the policy itself contained a provision to the effect that no obligation was assumed by defendant thereunder unless on the day thereof the insured were alive and in sound health; and it was competent for defendant to show in defense, as it sought to do, that the insured was not only not in sound health when the policy was issued, but was suffering from the very

disease which resulted in her death. However, a condition of this character contained in a life insurance policy is affected and controlled by the provisions of our so-called "misrepresentation statute," viz, section 6937, Revised Statutes 1909. The rule of decision obtains to the effect that conditions of this character in the policy are unavailing to defeat the insurance, unless it appear that at the time of the issuance or delivery of the policy the assured was afflicted with a disease or diseases which caused or contributed to cause his death. [See Salts v. Insurance Co., 140 Mo. App. 142, 120 S. W. 714; Lynch v. Insurance Co., 150 Mo. App. 461, 131 S. W. 145; Dodt v. Insurance Co., 186 Mo. App. 168, 171 S. W. 655; Stephens v. Insurance Co., 190 Mo. App. l. c. 678, 679, 176 S. W. 253.] And whether or not the malady, if any, from which the insured was suffering at the time of the issuance or delivery of the policy, caused or contributed to cause the death, is, by force of the statute controlling the matter, a question for the jury—unless indeed it be that the question is foreclosed by the effect of an admission of the plaintiff in the case, standing wholly unexplained and unrepelled by · anything whatsoever, as we held in the Stephens case, supra. The case before us, however, is wholly unlike the Stephens case.

It is true that in the certificate of Dr. Mueller, filed by plaintiff as a part of the proofs of death, the doctor states that the insured had been suffering from the very disease which caused her death for about eight or ten years. But the sworn statement of plaintiff, also filed as a part of the proofs of death, stated that the duration of the last illness was about two months. Furthermore, the report of defendant's medical examiner, showing the result of his examination of the insured at the time of the application for the policy, is to the effect that he found the insured, in his opinion, to be in good health, and that he recommended her as a first class risk. Also there is the testimony adduced by plaintiff that the insured

appeared to be in good health when the policy was issued. Such evidence unquestionably made the case one for the jury under our law. In this connection see the recent case of Bruck v. Insurance Company, 194 Mo. App. 529, 185 S. W. 753, and cases there cited.

It follows that the demurrer to the evidence was properly overruled.

II. Appellant assigns as error the ruling of the trial court in sustaining plaintiff's objection to the testimony of Dr. Mueller when called as a witness for defendant. Section 6362, Revised Statutes 1909, provides, among other things, that a physician or surgeon shall be incompetent to testify "concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician or do any act for him as a surgeon." Appellant contends, however, that the privilege vouchsafed by the statute had been waived. Such alleged waiver is predicated, for one thing, upon the fact that when Dr. Mueller was placed upon the stand, and after appellant's counsel had asked him a few preliminary questions, plaintiff's counsel, interposing a general objection, obtained permission of the court to question the witness, and proceeded to propound to him certain questions. But there is no merit in the contention that plaintiff thereby waived the privilege mentioned, for the reason that it clearly appears that plaintiff's counsel sought merely to lay a foundation for his objection later more fully made.

But it is earnestly contended that the privilege in question was waived by the filing of the certificate of this physician, as a part of the proofs of death, pursuant to a clause in the policy as follows: "Proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the claimant, physicians and other persons. . . . All the contents of such proofs of death shall be evidence of the facts

herein stated in behalf of, but not against, the com-
pany.''

There can be no doubt that where the insured, by
a distinct provision in the policy, expressly waives
the benefits of all laws disqualifying a physician from
testifying concerning any information obtained by
him in a professional capacity, and such waiver is
expressed to include any person who may have any
interest in or claim under the policy, the beneficiary is
bound thereby. [See Keller v. Home Life Ins. Co.,
95 Mo. App. 627, 69 S. W. 612; Modern Woodmen
v. Angle, 127 Mo. App. 94, 104 S. W. 297; Adreveno
v. Mutual Reserve Fund Life Ass'n., 34 Fed. 870.]
But this policy contains no such provision. It merely
provides for the filing of proofs of death, on blanks to
be furnished by the company, and purports to make
the recitals therein contained evidence in the company's
behalf. And consequently the cases last mentioned,
and other authorities of like purport which might be
cited, do not here apply.

In support of its contention appellant relies upon
Bolton v. Inter-Ocean Life & Casualty Co., 187 Mo.
App. 167, 172 S. W. 1187; Western Travelers Accident
Ass'n. v. Munsion, 73 Neb. 858, 1 L. R. A. (N. S.)
1068; 4 Wigmore on Evidence, sec. 2390.

The Bolton case, supra, decided by the Kansas
City Court of Appeals, was a suit upon a policy of
health insurance. The trial court admitted the testi-
mony of the plaintiff's family physician, offered by
defendant to show a particular fact, and this was
assigned as error. The court said: ''Inasmuch as
plaintiff had sent defendant this doctor's report on
that sickness we think plaintiff had waived the right
to object to this witness testifying.'' It was held,
however, that inasmuch as the fact sought to be proved
by the witness was one which plaintiff had admitted,
the exclusion of the testimony in question was harmless
error. What were the circumstances under which
the physician's report was filed does not appear. What
was said in the opinion as to waiver of the privilege

was unnecessary to a determination of the controversy before the court, for the reason stated in the opinion itself. It cannot be said that the matter was one in decision in the case, for it was expressly stated to be immaterial to a decision therein. We do not regard the language thus employed as being an adjudication of the question under consideration.

In Western Travelers Accident Association v. Munsion, supra, proofs of death were filed, consisting of an affidavit of the plaintiff, the beneficiary, and a certificate of the attending physician, in accordance with the provisions of the membership certificate sued upon. Upon the trial the attending physician was called as a witness by the plaintiff, and, over the objection of the defendant insurance company, he was permitted to testify. Upon appeal this was held not to be error. This case is by no means persuasive in support of appellant's contention. It does not appear that the defendant was in any position to invoke the statute relied upon. [See Thompson v. Ish, 99 Mo. 160, 12 S. W. 510; Groll v. Tower, 85 Mo. l. c. 254, 255.] And in the cases cited in the opinion, wherein the suits were upon contracts of insurance, the policies contained express waivers, as in Keller v. Insurance Co., supra, and Modern Woodmen v. Angle, supra.

In 4 Wigmore on Evidence, section 2090, to which appellant refers, it is said: "The sending of a physician's certificate, as part of the '*proofs of death*,' by the beneficiary of a contract of life insurance or the representative of the insured, is a voluntary disclosure of the physician's knowledge though made in pursuance of contract, and is therefore a waiver." If this is to be taken to mean that the filing of a physician's certificate by a beneficiary, as a part of the proofs of death, pursuant to a provision of the policy, operates as a waiver of the incompetency of the physician as a witness, as appellant appears to contend, the cases cited in support of the text, viz., Nelson v. Nederland Insurance Co., 110 Iowa 600, and Buffalo L. T. & S. D. Co. v. Knights Templar, etc., Ass'n,

126 N. Y. 450, wholly fail to support it. But we take it that the waiver mentioned is meant to apply only to the contents of the certificate itself. Such a certificate, constituting a part of the proofs of death, is admissible on the ground that the answers therein contained constitute admissions on the part of the beneficiary, subject, however, to contradiction or explanation. [See Stephens v. Insurance Co., supra, l. c. 680, and cases cited.] And the beneficiary cannot invoke the privilege here under consideration and thereby render the certificate inadmissible for the purpose mentioned. But it does not follow that the filing of such certificate, in compliance with the terms of the policy, constitutes a waiver of the statutory incompetency of the physician when called as a witness by the insurance company. [See Buffalo L. T. & S. D. Co. v. Knights Templar Ass'n., supra; Nelson v. Nederland Insurance Co., supra; Briesenmeister v. Sup. Lodge K. of C., 81 Mich. 525; Redmond v. Industrial Benefit Ass'n., 28 N. Y. Supp. 1075, affirmed in 150 N. Y. 167; 40 Cyc, 2400.]

"The statements in the proofs of death furnished by the beneficiary in a policy of life insurance on the patient's life are a waiver of the privilege only in so far as such statements refer to the matter claimed to be privileged." [40 Cyc, p. 2400.]

Such certificates are not admitted upon the theory that the statements of the physician therein contained may be received as evidence coming from him to establish the truth of the matters therein stated, but upon the theory that the statements in the certificate, filed as a part of the proofs of death, are to be taken as admissions made by the beneficiary and to be reckoned with as such in the case. Such admissions are not incompetent though made through the medium of the certificate of an attending physician; but the filing of such a certificate in order to comply with the provisions of the policy respecting proofs of death, does not operate as a waiver of the incompetency of the physician as a witness. [See Buffalo L. T. &

S. D. Co., supra; Nelson v. Nederland Insurance Company, supra.]

No valid reason appears for holding that, by filing this certificate, required by the policy to be filed, the plaintiff, for whose benefit the contract of insurance was made by the insured, waived the right to invoke the statute which renders the attending physician incompetent to testify concerning any information acquired while attending the insured in a professional capacity. The case is not one where the statutory veil of secrecy thrown about the sick-room is voluntarily lifted by one otherwise entitled to invoke the privilege, as in Epstein v. Railroad, 250 Mo. 1, 156 S. W. 699; State v. Long, 257 Mo. 199, 165 S. W. 748; Michaels v. Harvey, —— Mo. App. ——, 179 S. W. 735; McPherson v. Harvey, —— Mo. App. ——, 183 S. W. 653; Priebe v. Crandall, —— Mo. App. ——, 187 S. W. 605. And to hold that a waiver of the incompetency of the physician arises from the mere fact of the filing of this certificate in order to comply with the terms of the policy would be to run counter to the established rule of decision generally prevailing on the subject.

We therefore rule this assignment of error against the appellant; and, for the reasons indicated above, we do not regard this ruling as "contrary to the decision" of the Kansas City Court of Appeals in Bolton v. Inter-Ocean Life & Casualty Company, supra.

III. Appellant complains of the action of the trial court in authorizing the jury to allow plaintiff ten per cent. damages and an attorney's fee, as for vexatious refusal, on the part of defendant, to pay the amount of the insurance, under the provisions of section 7068, Revised Statutes 1909.

Our courts have gone very far in leaving the matter of the awarding of damages and attorneys fees under the statute as for vexatious refusal to pay, to the discretion of the jury, to be determined upon a survey of all of the facts and circumstances in the

176 M. A.—12

case touching the conduct of the insurance company in the premises. [See Brown v. Railway Passenger Assurance Co., 45 Mo. l. c. 227; Keller v. Home Life Ins. Co., 198 Mo. l. c. 460, 95 S. W. 903; Barber v. Hartford Life Ins. Co., —— Mo. ——, 187 S. W. l. c. 873; Coscarella v. Insurance Co., 175 Mo. App. 130, 157 S. W. 873; Stix v. Indemnity Co., 175 Mo. App. 171, 157 S. W. 870; Jaggi v. Insurance Co., 191 Mo. App. l. c. 391, 392, 177 S. W. 1064.] But assuming that the question is one for the jury only when the facts and circumstances of the case, when viewed in their entirety, afford some substantial evidence to support an inference that the refusal to pay was unjustifiable and vexatious (see Weston v. Insurance Co., 191 Mo. App. 282, 177 S. W. 792; Patterson v. Insurance Co., 174 Mo. App. l. c. 44, 160 S. W. 59; Jaggi v. Insurance Co., supra.), we are of the opinion that in the instant case the trial court committed no error in submitting the question to the jury. We cannot say, as a matter of law, that the evidence wholly fails to support an inference that the delay was unwarranted and vexatious within the meaning of the statute.

IV. The trial court modified two instructions offered by defendant, by striking out certain words therefrom and gave the instructions as modified. This is assigned as error. It is unnecessary to set out the instructions, or to discuss the matter at length. It appears quite clear that the action of the court complained of could have constituted reversible error, if at all, only upon the theory that the question of misrepresentations on the part of the insured, in procuring the policy, was an issue in the case. And for the reason stated above, this defense was one not available to defendant.

V. Appellant also assigns as error the action of the trial court in permitting plaintiff's counsel, unrebuked, to make certain "inflammatory and unwarrantable" remarks in argument to the jury. But the

record before us, and by which alone we can be guided, shows no exception taken to the action of the court in overruling defendant's objections to the remarks of plaintiff's counsel, save in one instance alone where the remark objected to cannot be said to have been prejudicial. The abstract of the bill of exceptions before us shows that in preparing the bill defendant's counsel inserted, in proper places therefor, statements to the effect that exceptions were duly saved to the various rulings of the court complained of in this connection; but that the trial judge, before signing the bill, struck out all of the same, save in the one instance mentioned. It is said that exceptions were in fact duly saved to all these rulings, at the trial, and that the said action of the trial judge in thus settling the bill of exceptions was wholly unwarranted. But this is a matter not before us for review. Appellant has brought here this bill of exceptions, signed by the trial judge. As it stands it imports verity, and can alone be looked to by us concerning matters of exception. [See Murphy v. Cooperage Co., 168 Mo. App. 11, 151 S. W. 191.] And as it fails to show any exception saved to the action of the court in overruling defendant's objections to any remarks of plaintiff's counsel that could be denominated prejudicial, we must rule this assignment of error against appellant.

Since we have found no reversible error in the record, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Thompson, J.,* concur.