ALICE CLAY, Respondent, v. AMERICAN NATIONAL INSURANCE COMPANY, a Corporation Appellant.

**In the Springfield Court of Appeals, July 2, 1924.**

1. **INSURANCE: Jury Must Determine Whether Insured was in Good Health When Policy Delivered.** In action on policy of life insurance, whether insured was in good health on date of delivery of policy, as he represented, must be determined by jury, as required by Revised Statutes 1919, secs. 6142, 6192.

2. ———: **Application, Signed by Insured, but not Made Part of Policy Sued on, Properly Excluded.** In action on a policy of life insurance, the application signed by insured, offered by insurer, but neither by actual incorporation nor by reference made part of the policy, was properly excluded.

Appeal from the Circuit Court of Wayne County.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*C. W. Nugent* and *Munger & Munger* for appellant

(1) The court erred in refusing the demurrer of defendant offered at the close of plaintiff's evidence in chief and at the close of the whole case. This evidence convicts deceased of misrepresentation and fraud upon defendant. Metropolitan Ins. Co. v. Betz, 99 S. W. 1140; Ins. Co. v. Calvert, 87 S. W. 889; Keller v. Home Life Ins. Co., 245 Mo. 377. (2) The court erred in refusing to permit defendant to introduce into evidence the application for insurance signed by deceased. (3) Plaintiff's instructions Nos. 1 and 2 do not declare the law in this case and are erroneous.

*A. O. Daniel* for respondent.

(1) The cases cited under appellant's point 1 do not sustain the point under which they are cited. (2) The determination as to whether or not the insured was in good health on the date of the delivery of the policy was for the jury and the demurrers to the evidence were properly overruled. Secs. 6142 and 6192, R. S. 1919; Hicks v. Insurance Co., 196 Mo. App. 162, 171-72; Bruck v. Ins. Co., 194 Mo. App. 538, 543; Bultralik v. Ins. Co., 233 S. W. 250, l. c. 252. (3) The application for insurance not being incorporated in the policy nor copied therein, was properly excluded from the consideration of the jury. Sec. 6184, R. S. 1919; Hicks v. Ins. Co., supra; Schuler v. Ins. Co., 191 Mo. App. 52. (4) Instruction No. 1 given at the request of plaintiff is a correct exposition of the law, and was properly given. (5) The appellant having set up an affirmative defense in the nature of a confession and avoidance, the instruction No. 2, given at the instance of respondent, was proper. St. Louis Tow Co. v. Ins. Co., 52 Mo. 529; Rivers v. Glass Co., 81 Mo. App. 374, 379-380; Klene v. Campbell, 213 S. W. 529.

FARRINGTON, J.—This appeal is from a judgment rendered in the trial court giving plaintiff the full amount of a policy issued by the defendant. The respondent has made a fair statement of the case which, in the main, we adopt:

This action was brought to the August Term, 1923, of the Wayne County Circuit Court by respondent, the mother of Albert Barnes, deceased, and the beneficiary under a policy of insurance issued by appellant on the life of said Albert Barnes. The cause was tried at the return term of the court and a jury and resulted in a verdict and judgment for respondent in the sum of five hundred dollars, the face of the policy.

In the trial appellant relied upon an allegation in the answer to the effect that a condition of the policy was breached, in that on the date the policy was delivered the deceased was not in sound health. No other point was made by appellant save objections and exceptions to the exclusion of testimony, and formal exceptions to rulings at the close of the case.

The facts as developed at the trial are substantially as follows: Deceased, the son of respondent, was a laborer in the city of St. Louis. He was solicited by one L. C. Arth, an agent of the appellant, to purchase insurance with appellant. Deceased agreed, on March 18, 1923, was duly examined by Dr. W. W. Simms, medical examiner for appellant. Thereafter a policy of insurance was issued by appellant, based upon the application of deceased and the medical report of Dr. Simms. No copy of either the application or medical examination appeared in any way in the policy. Thereafter, on an uncertain date in March, 1923, the same L. C. Arth, agent of the company, delivered the policy to deceased at his home on Le Baume Street in the city of St. Louis. Some time in March, 1923, deceased was admitted to the City Hospital in St. Louis, where he was given symptomatic treatment, and his trouble diagnosed as either lobar pneumonia or an abscess on the lung. Thereafter

deceased was removed from the City Hospital to his home at Leeper, in Wayne County, Missouri, where he was treated by Dr. Roy J. Owens and Dr. George Toney, and where he died on April 30, 1924, of acute miliary tuberculosis.

There was testimony by Dr. Epp of the city hospital to the effect that deceased was not in sound health on the date of the delivery of the policy. On the other hand, L. C. Arth, the agent who solicited the insurance and still is the agent of appellant, said that he personally delivered the policy to deceased and collected one month's permium, and that deceased was in good health on that date.

There was much expert testimony, there being five professional witnesses. The whole of this evidence tended to prove that acute miliary tuberculosis is a rare form of pulmonary tuberculosis; that its onslaught is often unheralded, but that pneumonic lung forms its most common field; that its course is extremely rapid, the patient often dying in eight days and only in extremely rare instances living four weeks after its inception. That deceased died of acute miliary tuberculosis. That he had no tuberculosis on the date of his examination by Dr. Simms.

There was no evidence of fraud, none pleaded and none shown.

The only point briefed by appellant is that a peremptory instruction in the nature of a demurrer to the evidence should have been sustained, citing such cases as Security Mutual Life Ins. Co. v. Calvert, 87 S. W. 889; Keller v. Home Life Ins. Co., 198 Mo. 440, 95 S. W. 903. These cases do not sustain the proposition raised by appellant in the case at bar. It is well settled, by statute and decisions, that the jury must determine whether or not an insured was in good health on the date of the delivery of the policy. [Sections 6142 and 6192, R. S. 1910; Hicks v. Met. Life Ins. Co., 196 Mo. App. 162, 190 S. W. 661; Bruck v. John Hancock Mut. Life Ins. Co., 194 Mo. App. 529, 185 S. W. 753; Bultralik

v. Met. Life Ins. Co., 233 S. W. 250, l. c. 252.] Under these authorities we hold that the court properly ruled on the peremptory instruction.

It is contended by appellant that the court erred in the exclusion of the application signed by the assured in this case. As the application, neither by actual incorporation or by reference, was made a part of the policy which was issued, it was proper to exclude it from the consideration of the jury. [Sec. 6184, R. S. 1919; Hicks v. Met. Life Ins. Co., 196 Mo. App. l. c. 171, 190 S. W. 661; Schuler v. Met. Life Ins. Co., 191 Mo. App. 52, 176 S. W. 274.]

The instructions asked by plaintiff, and given by the court, correctly declared the law and if there was error in instructions given by the court, asked by the defendant, it was in defendant's favor. Finding no error in the record the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.